## LINDSAY v. THE CITY OF DES MOINES.

1. **Instructions as to issues: REFERRING JURY TO PLEADINGS.** It is error for the court to refer the jury to the pleadings to ascertain what the issues are. *Bryan v. Chicago, R. I. & P. R'y Co.*, 63 Iowa, 464, followed.

2. **Cities and Towns: DUTY TO KEEP SIDEWALKS FREE FROM SNOW AND ICE: EXTENT OF SIDEWALK IMMATERIAL.** In deciding whether the officers of the defendant city used proper diligence in keeping its sidewalks free from snow and ice, the extent of sidewalk in the city was immaterial, and it was error to admit evidence in relation thereto, and to instruct the jury to consider such evidence.

SEEVERS and REED, JJ., *dissenting*.

### *Appeal from Polk Circuit Court.*

### THURSDAY, MARCH 18.

THIS is an action to recover damages for an alleged injury to the plaintiff which he claims he received by a fall upon a sidewalk, which it is alleged was in a dangerous condition by reason of an accumulation of ice and snow thereon. The claim is that the injury was occasioned by reason of the negligence of the city in not using proper diligence to remove the snow and ice. The answer was a general denial, and contributory negligence on the part of the plaintiff. There was a trial by jury, and a verdict and judgment for the defendant. Plaintiff appeals.

*Henry S. Wilcox*, for appellant.

*Williamson & Kavanagh*, for appellee.

ROTHROCK, J.—I. In the instructions given to the jury, after stating the cause of action, in substance, and the defense thereto, the court used this language: "For a more precise and exact statement of the allegations of the parties, and the issues in the case, see the pleadings themselves. * * *" We held in *Bryan v. Chicago, R. I. & P. R'y Co.*, 63 Iowa,

464, that a direction to the jury in this precise language was erroneous. In that case, as in this, the court prefaced the objectionable direction to the jury by quite a full statement of the substance of the averments of the petition and answer. It was held, following quite a number of other cases, that it was error to refer the jury to the pleadings to determine the issues. It is due to the court below to say that this cause was tried before *Bryan's Case* was decided by this court.

II.. As the judgment must be reversed for the error above pointed out, it is proper to say in view of a new trial that we think the court should not have allowed the defendant to prove that there are over 150 miles of sidewalk in the city of Des Moines; and the jury ought not to have been instructed that the "extent of sidewalk in the city which has to be looked after may be considered" in deciding whether the city officers used proper diligence in removing the snow and ice. It appears to us that the care and diligence required to keep sidewalks in proper condition cannot be affected or varied by the number of miles of walk in the city. If labor is necessary for the purpose, the force should be commensurate with the work to be done. In other words, a city with 40,000 inhabitants and 150 miles of sidewalk should be held to the same degree of care in this respect as the smaller towns with less extent of sidewalk.

REVERSED.


SEEVERS and REED, JJ., dissent from the last point in this opinion.