A. BROWN, v. INCORPORATED TOWN OF CHILLICOTHE, IOWA, Appellant.

**Injury from Defective Walk: PLEADINGS: MOTION TO MAKE SPECIFIC.**
1    In an action for injuries received from a defective sidewalk, the petition is held not vulnerable to a motion for a more specific statement of the defect; and a refusal to require plaintiff to make a further allegation that his attention was diverted from the defect in the walk was not ground for a reversal, as there was no evidence of that fact; nor was it error to deny a more specific statement that plaintiff received permanent injury, where the only allegation or evidence was that plaintiff's wrist was broken, causing pain and anguish, and that such injury was permanent.

**Motion for Directed Verdict: EVIDENCE.** In an action for an injury
2    from a defective walk, the evidence is considered and held not error to refuse to direct a verdict for defendant on the ground of failure to show that the town ordered or built the walk or had notice of the defect, or that the injury was the proximate result of the defect.

**Contributory Negligence.** Where one exercises due care in pass-
3    ing over a defective sidewalk, he is not to be held chargeable with contributory negligence as a matter of law.

*Appeal from Wapello District Court.*—HON. C. W. VERMILLION, Judge.

MONDAY, FEBRUARY 8, 1904.

ACTION to recover damages for personal injuries received by reason of a fall on a sidewalk. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*W. W. Epps* for appellant.

*Jaques & Jaques* for appellee.

McCLAIN, J.—Error is assigned on the overruling of a motion to require plaintiff to make his petition more specific

as to the nature and character of the hole or defect in the **1. PLEADINGS: motion to make specific.** sidewalk of which he complains, as to the allegation that, while he was in the exercise of ordinary care, "his attention was diverted and temporarily distracted from the sidewalk along which he was walking," and that he received permanent injuries. We do not see that there was any occasion to require plaintiff to describe with any greater particularity the nature of the hole complained of. From the evidence, it appears that there was but one sidewalk in the whole town, and that this was of plank; and we do not understand that there is any peculiarity about holes in plank sidewalks, making a minute and detailed description thereof essential to enable the town to make its defense in such a case. There is nothing in the evidence which the defendant could not have been prepared to meet, if it had any defense, for the location of the defect was specifically described. As plaintiff did not prove that his attention was diverted in any way from the defect in the sidewalk, of which he is shown to have had previous notice, no further allegation in that respect could have been of any advantage to the defendant. As to the injury, the allegation was that plaintiff's right wrist was injured and broken, and that plaintiff suffered great pain from such injury, and also great mental anguish, and also that said injuries so received were permanent in their nature. As no other permanent injury than that naturally and proximately resulting from a broken wrist was shown, defendant could not, in this respect, have been in any way surprised or prejudiced by reason of lack of more specific allegations. It therefore appears that there was no prejudice to the defendant in the ruling complained of.

Error is assigned in the overruling of defendant's motion to direct a verdict in its favor, the motion being based on two grounds—want of evidence to show that the town had **2. MOTION for directed verdict: evidence.** built the sidewalk, or ordered it built, or had any notice of the defect complained of, and

failure of plaintiff to show that the injury was the proximate result of the defect. It appears without question that the sidewalk was in a proper place for a sidewalk—along one of the streets of the town—and had been there for a considerable time. We must presume that it was there by the consent of the town. When the town allowed the sidewalk to be built for the use of the public, and it was used by the public, it became its duty to see that it was kept in safe condition. The evidence as to the condition of the defect showed that it had existed in the sidewalk for six months, and from this the jury were warranted in inferring knowledge thereof by the town authorities. The evidence further shows that, as the plaintiff was attempting to step around the hole in the walk, which was occasioned by a piece being broken out of one of the four planks of which it was constructed, his foot slipped into the hole and he was thus caused to fall. It was plainly for the jury to say whether his slipping and falling was the proximate result of the defect. There is no complaint that the jury were not properly instructed on the question.

It is further contended that the evidence showed contributory negligence on the part of plaintiff, but there was enough evidence on the subject to make this a question for 3. CONTRIBU- the jury. Plaintiff knew of the defect, but its tory negli-gence. existence did not render the sidewalk so dangerous that he was necessarily guilty of contributory negligence in attempting to pass along it in the exercise of due care. The evidence tended to show the exercise of such care on his part, and he is not to be held chargeable with contributory negligence as matter of law. *Cosner v. Centerville,* 90 Iowa, 33; *Sachra v. Manilla,* 120 Iowa, 5; *Mosheuvel v. District of Columbia,* 24 Sup. Ct. 57 (48 L. Ed.—).

The judgment of the lower court is AFFIRMED.