Maria J. Tobin, Appellant, v. City of Waterloo, Appellee.

**Sidewalks:** PERSONAL INJURY: LIABILITY OF CITY. A city is not
1 liable for an injury to one who slipped upon a walk covered
with smooth ice or snow; it is only when the snow or ice has
become rough and uneven by travel and allowed to remain
and freeze in that condition, so that one in the exercise of
ordinary care cannot safely pass over it, that the liability of the
city attaches.

**Same:** EVIDENCE. Where portions of a walk were covered with
2 smooth ice or frozen snow and upon other portions the snow
and ice was in an uneven and dangerous condition by reason
of travel, and the evidence failed to disclose upon which portion plaintiff fell and received her injury, the city was entitled
to a directed verdict.

*Appeal from Black Hawk District Court.*— Hon. Franklin
C. Platt, Judge.

Tuesday, June 12, 1906.

Action for damages occasioned by falling on the sidewalk. Verdict was directed for defendant, and judgment
entered thereon. The plaintiff appeals.— *Affirmed.*

*Reed & Tuthill,* for appellant.

*J. E. Williams* and *B. F. Swisher,* for appellee.

Ladd, J.— The plaintiff, while passing along a sidewalk on Commercial street in front of lots on which the
post office building was being constructed, slipped and fell,
breaking her arm. The petition alleged that the sidewalk
was covered with snow which had fallen several days previously; that by the continual tramping of pedestrians, it
had become rough, rounded, and irregular in formation, and

that thawing and. freezing weather had rendered it slippery. Counsel for appellee concede in argument that the city was negligent in allowing the walk to be in such condition, and that the jury might have found that it was charged with notice, and also that plaintiff was not guilty of contributory negligence. They insist, however, that the record is without evidence that plaintiff's fall was caused by the condition of the walk as described. She testified:

I could not tell how much ice there was on the walk. . . . Well, I did not see anything but ice. I know it was very icy where I fell. There was heavy snow where I fell. . . . Q. This ice you slipped upon was smooth ice? A. Well, I could not tell you that. Q. Do you know whether you slipped upon smooth ice or upon snow? A. I know I slipped on ice. I know it was ice. I looked at it. Q. You cannot tell whether it was smooth ice or not, can you? A. Well, I know it was ice. Q. That is all you can say of it, that you fell or slipped on the ice? A. Yes, sir. Q. But you could not tell the jury whether it was smooth ice or rough ice? A. No, I could not, and I know it was on the sidewalk in front of that building. Q. Now, then the fact is, Mrs. Tobin, that you could not tell this jury the nature of the ice you slipped upon, could you? A. Well, I could not say, because I was so badly hurt. Q. As a matter of fact, you don't know just where you fell, so you could tell the jury, do you? A. Why, no; I could not tell just where I fell. Q. Was it a block, or knobby? What was it like? A. Well, I could not say positive about that.

The evidence is conclusive that the plaintiff did not know whether she slipped because of the defective condition of the walk or on smooth ice, and the question presented is whether from the testimony of other witnesses, it may be inferred that the ice was rough where she slipped and fell, and that this was the cause of her fall. Ice and snow accumulated on the walk from natural causes, though slippery because of their smooth surface, is not a defect for which the city may be held responsible. It is only when such ice

and snow are allowed to remain upon the walk until, by the tramping of pedestrians, freezing and thawing, or other causes, the surface has become rough, rigid, rounded, or slanting, so that a person, in the exercise of ordinary care, cannot pass over it without danger of falling, that the defect is such as to render the city liable. *Broburg v. Des Moines,* 63 Iowa, 523; *Huston v. Council Bluffs,* 101 Iowa, 33; *Sankey v. Railway,* 118 Iowa, 39, where it is said: " No duty rests upon the city to remove the snow and ice from the sidewalk so long as they remain unchanged by the interference of man or other artificial cause. That duty rests only when by reasons of said interferences the natural conditions of snow or ice become rigid, or rounded, or uneven, or is made to assume some other form or presents some other danger, than it would otherwise solely from natural causes."

Reverting, now, to the other witnesses, Mrs. Davis testified:  " The walk, to my knowledge, had not been shoveled off, and after a heavy snow there was ridges all along there, and frozen, and when it was cleaned off later — it may have been swept or shoveled, but there were rough lumps of ice all along that walk.  There were smooth places and rough places.  This was the condition with reference to January.  During the last week in January."  On cross-examination, she stated none of the ice was perfectly smooth, and that some of the knobs were three inches thick.  Mrs. Duke testified that " the walk during the month of January and prior to January 28th looked rough.  The thawing and the snow made it rough.  The roughness consisted of ice and snow.  It had thawed and frozen again, and thawed and frozen, and snow gathered, and it made it very rough, and that roughness consisted of snow and ice, and that condition had existed prior to January 28th of this present year."  She said, farther, that snow five inches deep was on the ground during the month, and the condition of the walk was as described.  Another witness testified that " there was snow

and ice on the walk. In some places the snow would reach over the walk, and some places on the walk there was no snow and ice. . . . It froze on the sidewalk. The soft snow coming on, it got tramped and got rough. . . . The walk was icy and rough. Most of the ice and snow was on the outside of the walk." Q. Was there any in the middle of the walk? A. Yes, sir. Q. All over the walk? A. Some places it was, and some places it was not. Q. Do you know whether the walk was cleaned? A. It was cleaned some time, but it was not all cleaned off. At one time they run a snow plow or something through there. Other times it was shoveled off. Q. Was it shoveled clear to the walk? A. No, sir; they never shoveled it clear to the walk." Still another witness testified that "it looked to me as though it had been half cleaned, and left the rest to freeze. The middle and the outside seemed to be covered with snow and ice. The snow was froze fast and rough." The condition of the weather throughout January was shown. The street was one of the principal thoroughfares of the city.

This evidence, while showing portions of the walk to be in a defective condition, as conclusively indicates other portions were as the city was entitled to allow them to remain. This being true, the mere fact that plaintiff slipped somewhere on the walk, would not authorize a finding that this was due to defendant's negligence, for it might have happened where the snow and ice were level, and had not been disturbed. No one saw her fall, and she was unable to point out the location, or to say how it happened. Whether, in hurry to catch a car, her foot slipped because of a knob or slant of ice, or the smoothness of the level surface, is mere matter of conjecture. The burden was on her to prove that the injury was caused by some defect in the walk there because of defendant's neglect, and in the absence of the evidence tending to show this, the verdict was rightly directed for the defendant.— *Affirmed.*