MEDA MACK DELACY, Appellee, v. CITY OF MASON CITY, Appellant.

No. 47485.

(Reported in 38 N. W. 2d 587)

Aᴜɢᴜsᴛ 5, 1949.

Breese & Cornwell, of Mason City, for appellant.

Dunn & Dunn, of Mason City, for appellee.

Gᴀʀғɪᴇʟᴅ, J.—On the afternoon of March 3, 1947, plaintiff, Mrs. Delacy, age fifty-eight, suffered a broken hip when she fell on an accumulation of ice on a sidewalk at the southeast corner of the intersection of Ninth Street Northwest and Washington Avenue in Mason City. Trial resulted in verdict and judgment for plaintiff for $1026.50 from which defendant has appealed.

Plaintiff was walking west on the sidewalk along the south side of Ninth Street and intended to cross Washington Avenue which runs north and south. Along the east curb of Washington there was a ridge of ice "anyway a foot high" formed from snow which the city had cleared from the roadway during the winter of 1946–47. This snow had been pushed against the curb and onto the sidewalk in question that extends east from Washington.

Photographs taken soon after the accident indicate the ridge of ice was probably three to four feet wide, about half of which was on the sidewalk and the rest in the roadway along the curb. In other words the east curb on Washington was beneath the approximate center of the accumulation of ice.

 I. Upon this appeal the city first contends plaintiff has failed to show that any dangerous condition at the place of the accident was the proximate cause thereof. Defendant does not argue it was not negligent in permitting the accumulation of ice at the place plaintiff fell but says there is no evidence such condition caused her to fall. We think the issue of proximate cause was properly for the jury.

Plaintiff slipped and fell in attempting to walk across this

rough and uneven ridge of ice. She testified concerning the time she came to the accumulation of ice:

"I stepped up with my right foot and put the left over to get a good foothold, that is when I slipped and fell. * * * I put the left foot over to get a good hold but I didn't seem to find it; this was quite high; it made me step up quite high to get over that bunch of ice. Q. And was it at that point that you slipped? A. Yes, I had not gotten clear over; I just got the left foot over."

On cross-examination plaintiff said:

"Q. Which foot was it that gave way under you? A. The left foot and I seemed to be pushed some way; when they picked me up I was sort of facing north and kind of whirled around. Q. You think your left foot twisted? A. Yes. * * * I was on the sidewalk * * * right here in the middle."

█ It is true, as defendant argues, plaintiff did not testify in so many words her fall was caused by the rough and uneven mound of ice. We need not consider whether such testimony would have been proper. It was not necessary. It is fairly to be inferred from the evidence the accumulation of ice was the proximate cause of plaintiff's fall. This is all that was required.

These decisions lend support to our conclusion: Ahern v. City of Des Moines, 234 Iowa 113, 119, 12 N. W. 2d 296, 299; Brown v. Incorporated Town of Chillicothe, 122 Iowa 640, 642, 98 N. W. 502; Hodges v. City of Waterloo, 109 Iowa 444, 448, 80 N. W. 523. Of course the question of proximate cause is ordinarily for the jury. Lindquist v. Des Moines Union Ry. Co., 239 Iowa 356, 362, 30 N. W. 2d 120, 123, and citations; 7 McQuillin, Municipal Corporations, Second Ed., section 3101; 38 Am. Jur., Negligence, section 351; 43 C. J., Municipal Corporations, section 2051.

Decisions cited by defendant do not conflict with our holding here. In Tobin v. City of Waterloo, 131 Iowa 75, 107 N. W. 1031, plaintiff did not know whether she fell at a place where the ice was rough and uneven or at a point where no negligent condition existed and the place or cause of her fall was not to be inferred from other testimony. In Norman v. City of Sioux City, 197 Iowa 1310, 197 N. W. 18, and Geringer v. Town of

954

Marcus, 203 Iowa 41, 212 N. W. 365, we held there was insufficient evidence of defendant's negligence.

■ ■ II. Defendant's remaining complaints are against the trial court's exclusion of some of its evidence. The assistant city engineer who directed the street department testified he knew of no other way of cleaning the streets than by pushing the snow off—"You have to push it from the road to open it for traffic." The witness was then asked by defendant's counsel, "Q. And that is the generally accepted practice among the cities and towns in this locality as far as you know?" The answer, "Everyone that I know of," was stricken upon plaintiff's motion as incompetent, irrelevant and immaterial. While perhaps the court might have permitted the answer to stand we think the ruling was not reversible error.

It is true as defendant argues that subject to certain qualifications evidence of custom in the performance of similar acts, while not a conclusive test, is generally admissible upon the issues of negligence and contributory negligence. Conformity with custom is ordinarily some proof of due care and nonconformity some evidence of negligence. Langner v. Caviness, 238 Iowa 774, 778, 28 N. W. 2d 421, 423, 172 A. L. R. 1135, 1137, and citations; II Wigmore on Evidence, Third Ed., section 461, page 489.

None of our previous decisions on evidence of custom goes to the precise point here involved. And 43 C. J., Municipal Corporations, section 2021, page 1257, states, "Evidence of like * * * methods of * * * caring for streets or sidewalks in other municipalities is not generally admissible to prove or disprove negligence in a particular case."

Without further considering the admissibility of the offered testimony generally in this class of cases we hold that sufficient justification for the ruling complained of in this particular case is found in the recognized principle that some exclusions even of relevant and competent testimony do ·not constitute reversible error. The judge may in his discretion exclude evidence if he finds its probative value is outweighed by the risk that its admission will create substantial danger of confusing the issues or misleading the jury. Rule 303, American Law Institute Model Code of Evidence. Much to the same effect

are II Wigmore on Evidence, Third Ed., section 461, page 490; 2 Jones Commentaries on Evidence, Second Ed., section 591, page 1093; 31 C. J. S., Evidence, sections 159, 180.

The negligence charged against the city and submitted to the jury was not so much the manner in which the snow was first placed upon the sidewalk but that it was permitted to remain there throughout the winter after it had become rough, rounded and uneven and thus dangerous and unsafe. The practice of other municipalities in removing snow from their roadways, without any showing it was customary to allow it to remain upon adjacent sidewalks for an indefinite time, had at best only a remote bearing, in point of value, on the issue of negligence, and evidence thereof might well have confused the jury as to that issue.

III. Defendant's remaining complaint is against the exclusion of its offer of testimony by the witness Riley that the city has 107 miles of streets, 125 miles of sidewalks, 1100 intersections, 9000 crosswalks, 30 employees who worked at snow removal, and in general what the city did after a snowfall. No authority is cited to sustain this complaint.

Rejection of the offered testimony finds support in Lindsay v. City of Des Moines, 68 Iowa 368, 27 N. W. 283; Rice v. City of Des Moines, 40 Iowa 638, 645, 646; Stafford v. City of Oskaloosa, 64 Iowa 251, 253, 20 N. W. 174; Finnane v. City of Perry, 164 Iowa 171, 177, 178, 145 N. W. 494; Thompson v. City of Sigourney, 212 Iowa 1348, 1351, 1352, 237 N. W. 366; 7 McQuillin, Municipal Corporations, Second Ed., section 3067.

Defendant concedes some of our decisions support the exclusion of the offered testimony but says they are erroneous. It is true that similar evidence is sometimes received in this class of cases principally on the question whether a municipality has removed snow from its sidewalks within a reasonable time. Such issue is not here involved, except perhaps remotely. The present case does not call for a re-examination of our precedents and we are not disposed to recede from them here.—Affirmed.

HAYS, C. J., and BLISS, OLIVER, HALE, WENNERSTRUM, SMITH, and MULRONEY, JJ., concur.

MANTZ, J., not sitting.