PETER ERMELS and BARNEY ERMELS dba ERMELS BROTHERS, a partnership, appellants, v. CITY OF WEBSTER CITY, appellee.

No. 48746.

(Reported in 71 N.W.2d 911)

September 20, 1955.

Prince & Guthrie, of Webster City, and Sterling Alexander, of Des Moines, for appellants.

Whitley Hemingway and Stewart H. M. Lund, both of Webster City, for appellee.

Hays, J.—Acting under chapter 390, Code of 1954, the defendant, City of Webster City, Iowa, has ordered condemnation of certain real estate owned by plaintiffs. In this proceeding plaintiffs seek to enjoin the defendant from so doing. Plaintiffs' petition was dismissed by the trial court and they have appealed.

The question raised goes to the constitutionality of the chapter and is approached from two angles: (1) As an abstract legal proposition, and (2) as presented by the instant situation.

I. As an abstract question:

Section 390.1, Code of 1954, provides in part as follows: "Cities and towns shall have additional power and authority to

purchase, lease or otherwise acquire and to improve * * * maintain and operate parking lots or other off-street parking areas for the parking of vehicles, but before such authority is exercised the city council shall hold a public hearing to determine whether or not public convenience and necessity will be served by the establishment of such facilities."

Section 390.3, Code of 1954, states: "Any such city or town shall have the power to provide for the condemnation of * * * enter upon and take any lands for such purposes * * *."

In Connolly v. Des Moines & Central Iowa Ry. Co., 246 Iowa 874, 882, 68 N.W.2d 320, 325, we said: "When the government's power of eminent domain is delegated to municipalities, agencies and railroads, its exercise by the latter is the same as if the state is acting to condemn."

Upon the question of what is or is not "a public use" within the purview of eminent domain, this court has spoken many times. In Bankhead v. Brown, 25 Iowa 540, 545, we said: " 'But if a public use be declared by the legislature the courts will hold the use public, unless it manifestly appears by the provisions of the act, that they can have no tendency to advance and promote such public use.' "

In Reter v. Davenport, R. I. & N. W. Ry. Co., 243 Iowa 1112, 1118, 54 N.W.2d 863, 867, 35 A. L. R.2d 1306, it is said: " 'It is for that body [the legislature] to determine in the first instance * * * what are the public uses, to subserve which a grant of power [to condemn] may properly be made. That this may not be done arbitrarily, and having no proper regard for the character of the conditions to which application is to be made, or the results to follow the use, may readily be conceded. * * * It is to be said, however, that the doctrine common to statutory construction, from the viewpoint of the Constitution, is applicable here * * * that interference on the part of the courts will not be warranted, except there be presented a clear, plain and palpable case of transgression.' "

See also 18 Am. Jur., Eminent Domain, section 46; 29 C. J. S., Eminent Domain, section 30; annotation 8 A. L. R.2d 373, 375, 376; 37 Am. Jur., Municipal Corporations, section 120, page 734.

1308

■ ■ By sections 390.1 and 390.3, Code of 1954, the legislature has declared, not in so many words but equally as effective, that off-street parking facilities inure to the public use and benefit. Certainly it does not manifestly appear by the provisions of the act that it can have no tendency to advocate and promote such public use. Applying the rule that "when constitutional questions are raised all reasonable intendments must be indulged in favor of the validity of the statute", Central States Theatre Corp. v. Sar, 245 Iowa 1254, 1258, 66 N.W.2d 450, 452, we have no difficulty in finding the statutes in question to be within the constitutional power and authority of the legislature to enact.

While this court has not passed upon the specific question of "off-street parking" constituting a public use, other jurisdictions have; and, universally, it has been so declared. McSorley v. Fitzgerald, 359 Pa. 264, 59 A.2d 142; City of Trenton v. Lenzner, 16 N. J. 465, 109 A.2d 409; Cleveland v. City of Detroit, 324 Mich. 527, 37 N.W.2d 625, 11 A. L. R.2d 171; City of Whittier v. Dixon, 24 Cal.2d 664, 151 P.2d 5; Poole v. City of Kankakee, 406 Ill. 521, 94 N.E.2d 416; Wayne Village President v. Wayne Village Clerk, 323 Mich. 592, 36 N.W.2d 157, 8 A. L. R.2d 357; Gate City Garage, Inc. v. City of Jacksonville, Fla., 66 So.2d 653. We agree with the rule announced in the foregoing cited authorities, even conceding, as claimed by appellants, a resulting special benefit to private individuals. See Rindge Co. v. Los Angeles County, 262 U. S. 700, 43 S. Ct. 689, 67 L. Ed. 1186; City of Richmond v. Dervishian, 190 Va. 398, 57 S.E.2d 120; Brodhead v. City and County of Denver, 126 Colo. 119, 247 P.2d 140; Reter v. Davenport, R. I. & N.W. Ry. Co., supra, 243 Iowa 1112, 54 N.W.2d 863.

II. Appellants next proposition concerns the following portion of section 390.1, supra: "* * * but before such authority is exercised the city council shall hold a public hearing to determine whether or not public convenience and necessity will be served by the establishment of such facilities." A hearing was held before the council, after due notice was given. In attendance were some seventy-five persons, including plaintiffs and their attorney. All desiring to do so were given an opportunity to express their views, both pro and con. The council then de-

termined such facilities to be necessary to the public use and ordered the taking of steps to acquire the land in question.

The rule is well established in this jurisdiction that the question of the necessity of the taking for a public purpose cannot be raised in an independent suit to enjoin condemnation. Davis v. Des Moines & Fort Dodge R. R., 155 Iowa 51, 135 N.W. 356; Mook v. Sioux City, 244 Iowa 1124, 60 N.W.2d 92; Connolly v. Des Moines & Central Iowa Ry. Co., 246 Iowa 874, 68 N. W.2d 320. Mook v. Sioux City, supra, is very like the instant case except that there involved was the enlarging of an airport, while here it is the acquiring of additional off-street parking space. We there, in effect, said: The question whether a municipal airport should be enlarged by the taking of private property by eminent domain was a matter for the exclusive determination of the city council in its legislative capacity, and in the absence of evidence of fraud, oppression, illegality or abuse of power or discretion by the council the courts will not interfere. The same rule applies here.

Appellants contend that the action of the council was arbitrary, abusive and oppressive. We fail to find such in the record. This property described as "a tract commencing at the Southwest corner of Block Ninety-two, Dubuque and Pacific Railroad Addition to Webster City, Iowa; thence North 50 feet; thence East 186 feet; thence South 18 feet; thence East to the West line of Willson Avenue in said City; thence South 32 feet; thence West to point of beginning" was owned by the Chicago & Northwestern Railway Company. For some twenty years it has been leased to the City, which had improved, policed and used it for off-street parking. It accommodates some seventy cars. Plaintiffs, desiring to erect a building thereon, recently purchased same at a time when the City was negotiating for its purchase. It is located in the heart of, or readily accessible to, the business district of the City.

The record is voluminous as to the number of cars using the City streets, the availability and desirability of other tracts for off-street parking, and the woes of the officials in handling of traffic. To set forth these conflicting opinions would be of no benefit. Suffice to say, the record reveals a difference of opinion, and there being no fraud, illegality or abuse of discretion ap-

pearing, the decision of the determining body, the city council, must prevail.

The decree of the trial court should be and is affirmed.— Affirmed.

All JUSTICES concur.