**Joseph KANTER, Plaintiff-Appellant,**

v.

**KANSAS CITY, MISSOURI, a Municipal Corporation, Defendant-Respondent.**

No. 47741.

Supreme Court of Missouri,

Division No. 2.

June 13, 1960.

Rubins, Kase & Rubins, by Arthur J. Kase, Kansas City, for appellant.

Richard H. Koenigsdorf, City Counselor, John J. Cosgrove, Assoc. City Counselor, Robert A. Meyers, Asst. City Counselor, Kansas City, for defendant-respondent.

JAMES W. BROADDUS, Special Judge.

This is an action for damages in the amount of $20,000 for personal injuries. There was a verdict for the defendant, Kansas City, Missouri. From the judgment entered on said verdict plaintiff has appealed.

Plaintiff's petition alleged, and his evidence tended to show, that on September 23, 1957, and for a long time prior thereto, there was a water meter box and a lid thereupon in front of 6003 Swope Parkway in Kansas City; that said lid did not properly fit in the box; that the meter box was a part of the public sidewalk; that plaintiff, while walking across the sidewalk, using due care for his own safey, stepped

on the meter lid, and that said lid tilted and plaintiff's leg went into the box and he fell to the ground and injured himself.

■ Plaintiff's brief makes but one point. He contends that the trial court erred in overruling his objection to defendant's evidence "of the number of water meter lids that are located in the Kansas City area, for the reason that said evidence was immaterial and irrelevant, and would prejudice and confuse the jury, so that they would consider this factor in determining the degree of care required of the defendant City of Kansas City to care for the lid upon which plaintiff was injured."

One of the witnesses called to the stand by the City was Joan Klassen. After testifying as to her name and address and to the fact that she was employed by the Water Department of Kansas City, she was asked this single question: "Miss Klassen, can you tell these folks how many of these water meter lids there are in the Kansas City area?" Thereupon plaintiff's attorney made his objection and the same being overruled, the witness answered: "There are about 20,000." Plaintiff's attorney then cross-examined Miss Klassen fully and developed that "regardless of the number of lids there are, whether there are 20,000 or whether there may be 25,000" they are inspected by city employees at least once every two months. Apparently content with this showing, plaintiff did not move to strike out the evidence or request that the jury be instructed to disregard it.

At plaintiff's request the court gave Instruction No. 1, which contains this language:

"* * * then it became the duty of said defendant * * * to exercise ordinary care in keeping said sidewalk * * * in a reasonably safe condition for persons lawfully walking thereon; and if you find * * * that the defendant * * * neglected said duty by allowing the cover of said lid on said water box * * * to remain for a long period of time thereto

in an unsafe and dangerous condition because said lid would slip and tilt when stepped upon; * * * that the defendant * * * knew * * * by the exercise of ordinary care could have known thereof in time to have reasonable opportunity to repair said defect * * * in time to have prevented the accident to plaintiff, but failed and neglected so to do * * *."

Considering this emphasis on the City's duty how can it logically be said that the evidence complained of influenced the jury to apply a lesser standard of care than that prescribed by the law of this State?

The two cases cited by the plaintiff do not rule the question here presented.

In Barr v. Kansas City, 105 Mo. 550, 561, 16 S.W. 483, 486, the City asked an instruction advising the jury that in determining the question of the City's negligence, to take into consideration the numerous streets and thoroughfares in the city. The instruction was refused. This Court held that such refusal was not error because the size of the city does not affect the degree of care which every city, great or small, is required to exercise over its streets so as to keep them in a reasonable state of safety for those who have occasion to pass over them.

In Lindsay v. City of Des Moines, 68 Iowa 368, 27 N.W. 283, the cause was reversed because of error in the defendant's instruction referring the jury to the pleadings in the case. It further appears, 2nd paragraph, that an instruction had been given on behalf of the City telling the jury that the "extent of sidewalk in the city which has to be looked after may be considered" in deciding whether the City used proper diligence in removing the snow and ice. This was criticzed.

We fail to see how, under the circumstances, especially in view of the directions given in Instruction No. 1, Miss Klassen's answer could have been prejudicial to plaintiff. And, under the statute (Sec. 512.-160 RSMo 1949, V.A.M.S.), we are not to reverse any judgment unless error was committed against the appellant materially af-

fecting the merits of the action. It is a matter of common knowledge that there are many thousands of water meters in a city the size of Kansas City. In 5A C.J.S. Appeal and Error § 1724, page 944, many cases are cited in support of the sensible rule that: "Error committed in admitting evidence may be considered to be harmless where the evidence complained of relates to matters of common knowledge."

The judgment should be affirmed. It is so ordered.

LEEDY, P. J., and EAGER and STORCKMAN, JJ., concur.