Raymond J. THORNBERRY and Louise Thornberry, Appellants,

v.

STATE BOARD OF REGENTS of the State of Iowa, and State of Iowa, Appellees.

No. 54322.

Supreme Court of Iowa.

April 9, 1971.

William L. Meardon, Iowa City, for appellants.

Richard C. Turner, Atty. Gen., Elizabeth Nolan, Asst. Atty. Gen., and Arthur O. Leff, Iowa City, for appellees.

RAWLINGS, Justice.

From judgment entered on jury verdict awarding damages to plaintiffs for property taken by eminent domain proceedings, and denial of a new trial, they appeal. We reverse.

For purposes of campus developments, defendant Board of Regents initially adopted a resolution directing condemnation of land owned by plaintiffs, described as, The North one-third of the West one-half of Lot 4, Block 92, Iowa City, Johnson County, Iowa.

Pursuant to this board action the condemnation commissioners met and assessed damages.

From the award thus made plaintiffs appealed to the district court. As disclosed above the jury returned a verdict. Plaintiffs were thereby awarded $20,000 damages for the taking. Their motion for new trial having been overruled they now appeal to us.

Errors here assigned are, essentially, trial court erred in, (1) striking Division II of plaintiffs' petition challenging authority of defendant board to condemn, overruling a motion to dismiss for that reason, made at close of all evidence, and giving of a jury instruction to the effect defendant board was authorized to condemn for the purpose specified; (2) admitting in evidence the price plaintiffs paid for the subject property, and instructing the jury such could be considered as a factor in determining allowance of damages; (3) refusing to give a plaintiff requested instruction.

I. Plaintiffs' petition on appeal to trial court was in two divisions. First, the condemnation commission award is challenged. Second, by two amendments, it is affirmatively alleged defendant board's action was illegal, void, beyond its power, the adopted resolution was indefinite, and exceeded authority vested by law in defendant board.

We deal first with trial court's order striking the amendments above mentioned and overruling the related post evidentiary motion to dismiss made by plaintiffs.

At the threshold, plaintiffs cite and rely solely upon Bourjaily v. Johnson County, 167 N.W.2d 630 (Iowa).

In that case, after assessment of damages by the commission, plaintiff property owners appealed to the district court. They thereby challenged the award, and jurisdiction of the court, because of procedural defects in that defendant county had not caused requisite service of notice to be given contract vendors and a mortgagee of record. See The Code 1966, §§ 472.3, 472.-9. On motion made, trial court struck the jurisdiction challenging allegation. We reversed on appeal to this court and in so doing held, in substance, jurisdiction of the subject matter was properly raised in the pleading and should not have been stricken.

Despite what may be best described as a superficial similarity, it is to us evident Bourjaily v. Johnson County, supra, is not factually comparable or here controlling.

Distinguishably we are not now confronted with a jurisdictional issue, but rather a question as to inceptional exercise of substantive legislative power and authority by the condemning body.

By way of exclusion, plaintiffs neither controvert the constitutionality of authority statutorily delegated to defendant board, nor existence of its power to take by condemnation. See The Code 1966, Sections 471.1, 262.45. See also 29A C.J.S. Eminent Domain §§ 21–23; 26 Am.Jur.2d, Eminent Domain, § 19; 13 Drake L.Rev. 95, 96.

Reduced to basic essentials, plaintiffs contended by their amendments, supra, the condemning body, under existing facts, acted illegally or in excess of its authority.

■ II. Foundationally, any determination as to the necessity of taking private property for public use is ordinarily a legislative, not judicial function. Ermels v. City of Webster City, 246 Iowa 1305, 1307, 71 N.W.2d 911; Porter v. Board of Supervisors, 238 Iowa 1399, 1403, 28 N.W.2d 841. See also 29A C.J.S. Eminent Domain §§ 87, 209, 211; 26 Am.Jur.2d, Eminent Domain, §§ 5, 17, 38. Cf. Abolt v. City of Fort Madison, 252 Iowa 626, 634, 108 N. W.2d 263. But see Reter v. Davenport, R. I. & N. W. Ry. Co., 243 Iowa 1112, 1122–1124, 54 N.W.2d 863.

As aforesaid the amendments to plaintiffs' petition raised a question only as to whether defendant board's action was in excess of its power and authority, or illegal. For reasons appearing infra, this is instantly far removed from any jurisdictional issue.

The matter of jurisdiction is not generally involved in the primary legislative act or resolution directing application be made for the taking of property by condemnation. The Code 1966, Section 472.3. See People v. Young, 100 Ill.App.2d 20, 241 N. E.2d 587, 589; In re Perez, 197 La. 334, 1 So.2d 537, 540; LaFleur v. City of Baton Rouge, 124 So.2d 374, 377–378 (La.App.); Delaware River Port A. v. Pennsylvania Pub. Util. A., 408 Pa. 169, 182 A.2d 682, 686. See also 29A C.J.S. Eminent Domain § 223; 27 Am.Jur.2d, Eminent Domain, § 378.

Actually, jurisdictional issues first come into play when the condemnation commission commences damage appraisement proceedings. Then, for the first time, notices and hearing are required. The Code 1966, Sections 472.3–472.16. See Bourjaily v. Johnson County, 167 N.W.2d 630, 634–635 (Iowa). See also O'Kelley v. Lochner, 259 Iowa 710, 715, 145 N.W.2d 626; State ex rel. Cox v. Consolidated District, 246 Iowa 566, 571–574, 68 N.W.2d 305.

And, if appeal is then taken, jurisdiction of the district court is appellate only. Kenkel v. Iowa State Highway Commission, 162 N.W.2d 762, 764–765 (Iowa); see Wilkes v. Iowa State Highway Commission, 172 N.W.2d 790, 792–793 (Iowa).

We now hold, plaintiffs invoked no jurisdictional issue by their petition on appeal to trial court. Rather, they thereby attempted to improperly inject an issue going only to the substantive power or authority of defendant board to act.

Trial court committed no error in striking the above mentioned authority challenging amendments from plaintiffs' petition, instructing the jury defendant board instantly had authority to condemn, and overruling plaintiffs' in course of trial motion to dismiss.

III. This does not mean, however, there is no available avenue by which a condemnee may test the initiatory action of a condemning public body.

On several occasions we have held, injunctive relief is available. Harvey v. Iowa State Highway Commission, 256 Iowa 1229, 130 N.W.2d 725; Abolt v. City of Fort Madison, 252 Iowa 626, 108 N.W.2d 263; Batcheller v. Iowa State Highway Commission, 251 Iowa 364, 101 N.W.2d 30; 30 C.J.S. Eminent Domain § 401; 27 Am. Jur.2d, Eminent Domain, § 485; Annot. 93, A.L.R.2d 465. But see Ermels v. City of Webster City, 246 Iowa 1305, 1307, 71 N. W.2d 911. Cf. 46 Neb.L.Rev. 816.

Review by certiorari may also be had. Aplin v. Clinton County, 256 Iowa 1059, 129 N.W.2d 726; Reter v. Davenport, R. I. & N. W. Ry. Co., 243 Iowa 1112, 54 N.W. 2d 863; 30 C.J.S. Eminent Domain § 373; 27 Am.Jur.2d, Eminent Domain, § 378.

Furthermore, mandamus will lie to compel the institution of condemnation proceedings where private property is being taken for public use absent compensation. Crawford v. City of Des Moines, 255 Iowa 861, 124 N.W.2d 868; Anderlik v. Iowa State Highway Commission, 240 Iowa 919, 38 N.W.2d 605; Baird v. Johnston, 230 Iowa 161, 297 N.W. 315; 30 C.J.S. Eminent Domain § 398; 27 Am.Jur.2d, Eminent Domain, § 490.

On the other hand, a condemnee may not stand silently by, take no affirmative action in the face of apparent unauthorized or illegal action by a condemnor, participate in commission appraisement proceedings, then invoke appellate jurisdiction of the district court and there, for the first time, challenge exercise of the initiatory legislative power or authority. See Frank Mashuda Company v. County of Allegheny, 256 F.2d 241, 242–243 (3 Cir.), aff'd 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163, rehearing den'd. 361 U.S. 855, 80 S. Ct. 41, 4 L.Ed.2d 93; B & W Hen Farm, Inc. v. Georgia Power Company, 222 Ga. 830, 152 S.E.2d 841; County Board of Com'rs. for Clarendon County v. Holladay, 182 S.C. 510, 189 S.E. 885, 887–888; 29A C.J.S. Eminent Domain § 267; Annot. 44 A.L.R. 542, 554. Cf. Felker v. Iowa State Highway Commission, 255 Iowa 886, 890–891, 124 N.W.2d 435; Stellingwerf v. Lenihan, 249 Iowa 179, 183, 85 N.W.2d 912; Reter v. Davenport, R. I. & N. W. Ry. Co., 243 Iowa 1112, 1122, 54 N.W.2d 863.

Plaintiffs here attempted to improperly invoke, in their appeal to trial court, a collateral and nonappealable issue. This means the case at bar does not come within the "jurisdiction issue rule" enunciated by us in Bourjaily v. Johnson County, supra.

IV. Ray Thornberry, one of the condemnees, was called as a witness, and on direct examination testified:

"Louise Thornberry is my wife. * * * We own the property, 40 by 50 feet, located at the south-east corner of the intersection of Madison and College Streets. We have owned it since 1948. Located thereon is a small one-story frame house. I believe it was June or July in 1948 that we bought this property.

"After we bought the property we removed partitions to make as large a workshop as possible and used it for the manufacture of our canvas products and awning frames. We put a basement under the building."

This plaintiff witness later stated, in his opinion, $30,000 was the reasonable value of the property, December 16, 1966, being the apparent taking date.

On cross-examination counsel for defendant board interrogated this witness regarding price paid for the land when purchased. Trial court overruled plaintiffs' timely objection and answer to the question posed was $4000.

It is now contended that ruling and admission of the purchase price evidence constituted reversible error.

The same issue was presented in the case of In re Condemnation of Certain Land, 256 Iowa 380, 127 N.W.2d 566. There a partial taking was involved and plaintiff testified regarding the before and after condemnation value of her property. On cross-examination the condemnor attempted to show condemnee's declared value of the land in a prior probate inventory which she had filed, as administrator of her deceased's husband's estate. Trial court held the evidence inadmissible because too remote. In affirming the grant of a new trial this court stated at 256 Iowa 387–388, 127 N.W.2d 570–571:

"The question of whether the original purchase price or cost is too remote is largely in the court's discretion. If it affords a fair criterion of present value it should be admitted. (Authorities cited).

"In Welton v. Iowa State Highway Commission, 211 Iowa 625, 634, 233 N.W. 876, 882, we said:

" 'The weight of judicial authority is to the effect that, if the owner testifies at the trial that his land was of greater value than his return to the assessor indicates, the return can be used to contradict the testimony.'

"(Authorities cited)."

See Foster v. United States, 145 F.2d 873 (8 Cir.); 29A C.J.S. Eminent Domain § 273(5).

Instantly, as aforesaid, plaintiffs acquired the land and thereafter effected improvements thereon. The subject purchase price was unquestionably remote, but that went more to weight of the evidence than admissibility. Foster v. United States, supra.

In view of the fact Mr. Thornberry first testified as to date of purchase and effecting of subsequent improvements on the land, together with the taking date value, we find no basis upon which to hold it was an abuse of discretion by trial court to permit cross-examination introduction of the price paid evidence.

V. Plaintiffs also assert trial court erred in the giving of instruction 7 which, in material part, states:

"As bearing upon the question of the fair and reasonable market value of the property involved as of the date of condemnation, you have a right to and should consider all the varied factors which tend to show the value or lack of value at such time, as disclosed by the evidence. These factors may include the location and topography of plaintiffs' property, the size and shape thereof, the date it was purchased, the price paid, the improvements subsequently made, the quality, age and construction of the buildings, * * *."

For reasons given supra, evidence as to the purchase price was not erroneously admitted in evidence. By the same token it was an element which could be properly considered by the jury in assessing damages. Ranck v. City of Cedar Rapids, 134 Iowa 563, 565–570, 111 N.W. 1027. See Iowa Uniform Jury Instructions, 14.6. See also Campbell v. Martin, 257 Iowa 1247, 1251, 136 N.W.2d 508.

VI. As previously stated, plaintiffs' tract of land was located in block 92.

On cross-examination of one plaintiff called witness and direct examination of two witnesses for defendant, the court,

over timely objections, admitted defense elicited testimony regarding condemnor-board's acquisition, by purchase, of other properties in the same block.

Trial court did not, however, permit defendant to adduce the purchase price paid for other tracts so acquired. Thus Socony Vacuum Oil Co. v. State, 170 N.W.2d 378 (Iowa), as it relates to price paid by a condemnor for property located within the same project area is not on point.

Plaintiffs contend, however, evidence relative to acquisition of other land for use in the same campus development program was prejudicially erroneous because it inferentially disclosed to the jury, plaintiffs alone were unwilling to sell.

Countering this, defendants maintain the questioned testimony was relevant and admissible under the record. In this regard they allude to the fact plaintiffs had introduced evidence relative to situs value of their land for possible commercial usage with accompanying value opinions. On that prefatory record defendants take the position they were entitled to show the controverted purchases for the purpose of, (1) showing nature of the area in which plaintiffs' land was located, (2) aiding the jury in weighing value testimony introduced.

Touching on this subject we said in Martinson v. Iowa State Highway Commission, 257 Iowa 687, 690, 134 N.W.2d 340: "A witness may support his valuation by relating matters which affected his judgment. The admissibility of collateral facts in support of estimates of value is a matter which must be left largely to the discretion of the presiding judge."

The cited case, at 257 Iowa 694, 134 N.W.2d 340, 342, also contains this quote from Crist v. Iowa State Highway Commission, 255 Iowa 615, 630, 123 N.W.2d 424, 432: "It must be remembered that, while the exact issue is the value of the condemned land at the time of, or immediately before the time of taking, anything

that reasonably bears on that question is admissible in evidence."

Continuing along the same line, is this statement at 257 Iowa 695, 134 N.W.2d 345:

"Prior to the Redfield case [Redfield v. Iowa State Highway Commission, 251 Iowa 332, 99 N.W.2d 413, 85 A.L.R.2d 96] evidence of other sales could properly be used as a foundation for opinion testimony. This is still proper. It was advisable, if not necessary, for defendant to show Mr. Molison was familiar with real estate sales in the vicinity since he was not from Jasper County. He did not give the sales price of any of the transactions mentioned and did not indicate that he considered them comparable in the sense the word was used in the Redfield case. The other sales were clearly admissible for the purpose of laying a foundation for Mr. Molison's opinion."

On the other hand, plaintiffs claim Steensland v. Iowa-Illinois Gas & Elec. Co., 242 Iowa 534, 47 N.W.2d 162, is here controlling and supports their position. We agree.

In *Steensland* the plaintiff-condemnee's new trial motion was sustained. On appeal this court affirmed and said at 242 Iowa 539, 47 N.W.2d 164:

"We consider now ground 3 of the motion for new trial based on claimed error in receiving the following testimony. The witness Judd, an assistant manager of defendant, testified there were thirty-eight properties in Story County crossed by defendant's transmission line. He was then asked by defendant's counsel 'to state, and give Mr. Mahoney [plaintiff's counsel] time to object—how many condemnations were there in Story County?' Plaintiff's objection as 'wholly immaterial to this action' was overruled, the court joined in the question by asking 'How many?' and the witness

answered 'One.' 'Q. That was this case? A. That is right.'

"*The order for new trial states it was error to overrule plaintiff's objection,* that at the time it did not appear it was a matter of significance and was not given as much consideration as it should have received '*and in view of the verdict I do not feel warranted in saying it was error without prejudice.*' As stated, the order for new trial is based in part upon ground 3 of the motion." (Emphasis supplied).

This court also observed in the cited case, 242 Iowa loc. cit., 540, 47 N.W.2d loc. cit. 165:

"*We are not inclined to disagree with the trial court's conclusion it was error to receive the Judd testimony. It tended to inject into the case countless collateral issues. Its admission seemed to create substantial danger of confusing the issues or misleading the jury.* The trial court would therefore have been justified in excluding it. See as having some bearing Delacy v. City of Mason City, 240 Iowa 951, 954, 955, 38 N.W.2d 587, 589. (Emphasis supplied).

" 'The rights of an owner to recover just compensation for the taking of his land are not to be measured by the generosity, necessity, estimated advantage, or fear or dislike of litigation which may have induced others to part with the title to their real estate, or to relinquish claims for damages by reason of injuries thereto * * *.' 2 Nichols on Eminent Domain, Second Ed., section 456, pages 1200, 1201.

"Even if Mr. Judd's evidence were of doubtful admissibility such doubt would be resolved in favor of the order for new trial. (Authorities cited).

"As defendant concedes, *where error appears in the admission of testimony prejudice will be presumed unless the contrary affirmatively appears.* (Authorities cited)." (Emphasis supplied.)

■ As amply demonstrated by *Steensland, supra,* it was error to permit introduction of evidence by defendant regarding any other same project property purchases. See also Basch v. Iowa Power & Light Co., 250 Iowa 976, 982, 95 N.W.2d 714. Cf. 20 Drake L.Rev. 288, 307.

VII. Pursuing this matter one more step, Ia.R.Civ.P. 242, provides: "A new trial is the re-examination in the same court of any issue of fact or part thereof, after a verdict, or master's report, or a decision of the court." See also Ia.R.Civ.P. 244.

And, to the extent here material, Ia.R. Civ.P. 344(f) (3), states: "In ruling upon motions for new trial the trial court has a broad but not unlimited discretion in determining whether the verdict effectuates substantial justice between the parties."

Dealing with this last quoted rule in Vojak v. Jensen, 161 N.W.2d 100, 105–106 (Iowa), we said:

"The granting of a new trial is largely discretionary, and an order either granting or refusing one will be set aside only upon a clear showing of abuse of such discretion. 39 Am.Jur., New Trial, section 141, page 148; Rule 344(f), (3), and (4), Rules of Civil Procedure; Grant v. Thomas, 254 Iowa 581, 584, 118 N.W.2d 545, 547, 548; Coleman v. Brower Construction Company, 254 Iowa 724, 731, 119 N.W.2d 256, 260; Smith v. Ullerich, supra, 259 Iowa 797 at page 807, 145 N.W.2d 1 at page 6; 35 A.L.R. 2d, Annotations, 311. We are more reluctant to interfere with the granting of a new trial than with its refusal. Rule 344(f) (4), R.C.P.; Schneider v. Keokuk Gas Service Company, 250 Iowa 37, 42, 92 N.W.2d 439, 442; Hahn v. Graham, 256 Iowa 713, 722, 128 N.W.2d 886, 891."

So the ultimate question now posed is whether there is instantly such a clear showing of abuse of discretion by trial court, in denying plaintiff's new trial motion, as to dictate a reversal.

■ VIII. In that vein we have repeatedly held, "abuse of discretion" means no discretion to do what was done. A trial court has wide discretion in the matter of granting or denying a motion for new trial. It is a legal discretion, exercisable for sound judicial reasons. Verdicts should not be set aside lightly and the court, in granting a new trial, must be sure there exists sufficient cause to support the exercise of such discretion. A litigant is entitled to a fair trial, but only one. In re Estate of Springer, 252 Iowa 1220, 1236, 110 N.W.2d 380; Jacobsen v. Gamber, 249 Iowa 99, 101–102, 86 N.W.2d 147; Best v. Yerkes, 247 Iowa 800, 810, 77 N.W.2d 23. See also Perry v. Iowa State Highway Commission, 180 N.W.2d 417, 423 (Iowa). Cf. Cogley v. HyVee Food Stores, Inc., 257 Iowa 1381, 1385–1386, 137 N.W.2d 310.

As already stated, plaintiffs argue the "other property purchase evidence" was prejudicially admitted in that it could be interpreted as meaning they were the sole non-selling parties.

Viewed in another light, however, the jury might well have thereupon concluded plaintiffs' property was worth more, being essential to completion of the project for which taken.

■ Neither of these speculative views are ever elements properly to be considered by a jury. See Socony Vacuum Oil Co. v. State, 170 N.W.2d 378, 382–384 (Iowa).

Trial court held, at least inferentially, if the subject other property purchase testimony was erroneously admitted, any presumption of prejudice was effectively overcome or rebutted.

We are not so persuaded. A search of the record fails to reveal any showing by defendant which affirmatively discloses the instant error was not prejudicial. See White v. Walstrom, 254 Iowa 646, 651, 118 N.W.2d 578; Steensland v. Iowa-Illinois Gas & Elec. Co., *supra*.

Under these circumstances there is no escape from the conclusion that the denial of plaintiffs' motion for a new trial constitutes reversible error.

IX. The final matter to be considered is plaintiffs' assigned error to the effect trial court erroneously refused a jury instruction requested by them directed to the previously discussed "other property purchases".

There is no need to belabor this issue. A search of the record fails to reveal any timely objection or exception was interposed by plaintiffs to trial court's denial of their request.

Resultantly this assignment is entitled to no consideration on appeal. Ia.R.Civ.P. 196; State v. Gilmore, 181 N.W.2d 145, 146–147 (Iowa); Reeder v. Iowa State Highway Commission, 166 N.W.2d 839, 843 (Iowa); Nizzi v. Laverty Sprayers, Inc., 259 Iowa 112, 117, 143 N.W.2d 312.

For reasons set forth in divisions VI, VII and VIII hereof this case must be and is—

Reversed and remanded for a new trial.

All Justices concur except REES, J., who takes no part.