In the Matter of the CONDEMNATION OF CERTAIN RIGHTS IN LAND FOR THE CONSTRUCTION OF A COUNTY ROAD BY ALLAMAKEE COUNTY, IOWA.

Richard H. Wild, Randy L. Wild, Robert B. Wild, Donald G. Kermeen, Lillian Kermeen, Evelyn Wild, and Dale Buntrock, Appellants,

v.

Allamakee County, Appellee.

No. 02–0393.

Supreme Court of Iowa.

July 16, 2003.

Dennis G. Larson of Larson Law Office, Decorah, for appellants.

Robert W. Goodwin of Goodwin Law Office, P.C., Ames, for appellee.

CARTER, Justice.

Plaintiffs, Richard H. Wild, Randy L. Wild, Robert D. Wild, Donald K. Kermeen, Lillian Kermeen, Evelyn Wild, and Dale Buntrock, who are owners of property within an "agricultural area," created pursuant to Iowa Code section 352.6 (2001), appeal from an adverse judgment in their action to enjoin Allamakee County from taking land within the area by eminent domain. After reviewing the record and considering the arguments presented, we affirm the district court's grant of summary judgment denying injunctive relief.

The taking by eminent domain, which plaintiffs sought to enjoin, involved 19.12 acres of land, all of which was situated within an agricultural area created pursuant to Iowa Code section 352.6. On April 6, 2001, an eminent-domain proceeding was initiated by the county for purposes of relocating a county road so as to align with a newly constructed bridge. Plaintiffs' injunction action was commenced on May 15, 2001. The award of the compensation commission totaling $101,000 for the taking and $720 for attorney fees[1] was returned on May 16, 2001.

In seeking to enjoin the proposed taking of their land, plaintiffs alleged that the taking would offend against the protections afforded to property within an agricultural area created pursuant to Iowa Code section 352.6. They also contended that the taking was not in compliance with Iowa Code section 6B.3(1)(f) because it failed to consider the "reasonable necessity" standard applicable to class I and class II land as determined by the United States Department of Agriculture land capability classification system.

Allamakee County moved for a summary judgment dismissing plaintiffs' claims for injunctive relief. In resisting the motion, plaintiffs relied on the contentions made in their petition concerning the protection afforded to their property from its classification as an agricultural area, and the alleged need to show reasonable necessity for the taking as a result of the property condemned being class I or class II land.

The district court granted the county's motion for summary judgment. The court concluded that section 352.6 was a zoning ordinance, which limited uses of the land by property owners within the agricultural area, but did not impede the taking by the county under eminent domain. The court also concluded that plaintiffs could show no irreparable injury cognizant in a court of equity because the compensation awarded plaintiffs under the statutory procedures for eminent domain were, by law, an adequate remedy.

## I. *The Irreparable Injury Issue.*

At the urging of the county, we first consider whether this case may be decided entirely on the basis that the plaintiff did not sustain an irreparable injury. We are convinced that it may not.

The district court believed that the payment of compensation (subject to challenge by a court or jury) was the legally established "certain pecuniary standard" for measuring plaintiffs' loss and thus must be considered to be an adequate

1. Because the award of the commissioners exceeded 110% of the final offer of the condemning authority prior to condemnation, the condemnees were awarded a reasonable attorney fee for the commission proceeding as provided in Iowa Code section 6B.33.

remedy. We disagree. The need to show an irreparable injury in order to obtain injunctive relief involves the balancing of interests by a court of equity. *Myers v. Caple*, 258 N.W.2d 301, 304–05 (Iowa 1977). Irreparable injury for such purposes is equated with the threat of substantial damage unless an injunction is granted. *Id.* at 305. We are satisfied that because land is unique the taking of real property with which the owner does not wish to part is a matter of substantial damage.

This court has invited the use of injunction actions as a vehicle for challenging eminent-domain proceedings on the ground that they are contrary to law because such contentions may not be raised in the statutory appeal of the award. *Thornberry v. State Bd. of Regents*, 186 N.W.2d 154 (Iowa 1971). In *Thornberry* we held that a challenge to the condemning entity's authority to invoke eminent domain could not be raised in the appeal of an award. *Id.* at 157. We went on to state:

> This does not mean, however, there is no available avenue by which a condemnee may test the initiatory action of a condemning public body.
>
> On several occasions we have held, injunctive relief is available.

*Id.* Among the cases cited in *Thornberry* for enjoining the power of eminent domain was *Batcheller v. Iowa State Highway Commission*, 251 Iowa 364, 370–71, 101 N.W.2d 30, 34 (1960), which approved enjoining a taking of property on the ground that the eminent-domain proceeding had omitted essential parties. The district court was wrong in concluding that, even if the taking was unlawful, the plaintiff did not suffer an injury sufficient to warrant the granting of an injunction. Its action in granting summary judgment was correct, however, because, for reasons that we will now discuss, the taking was not contrary to law.

## II. *The Consequences of Agricultural Area Status Under Iowa Code Section 352.6.*

Plaintiff urges that the protection conferred on agricultural land by Iowa Code section 352.6 precludes the county from taking property within the protected area by eminent domain. The district court concluded that this statute was akin to a zoning ordinance and only limited uses of the land by the property owners within the area. Plaintiffs argue that the statute is not a zoning ordinance.

Under section 352.6 agricultural areas of not less than three hundred acres may be formed by the owner or owners of contiguous land outside the corporate limits of any city. When created "the use of land in agricultural areas is limited to farm operations," subject to certain exceptions. Iowa Code § 352.6. The exceptions are:

1. The following shall be permitted in an agricultural area:

*a.* Residences constructed for occupation by a person engaged in farming or in a family farm operation. Nonconforming preexisting residences may be continued in residential use.

*b.* Property of a telephone company, city utility as defined in section 390.1, public utility as defined in section 476.1, or pipeline company as defined in section 479.2.

2. The county board of supervisors may permit any use not listed in subsection 1 in an agricultural area only if it finds all of the following:

*a.* The use is not inconsistent with the purposes set forth in section 352.1.

*b.* The use does not interfere seriously with farm operations within the area.

c. The use does not materially alter the stability of the overall land use pattern in the area.

*Id.*

The essential feature of an agricultural area created under section 352.6 is that it limits the uses that may be made of land within the area. For that reason, we agree with the district court that the statute provides a type of self-imposed zoning. While we have never squarely faced the issue, there is an abundance of authority from other jurisdictions supporting the premise that the power of eminent domain is not limited by zoning regulations. *See Savannah v. Collins,* 211 Ga. 191, 84 S.E.2d 454, 455 (1954); *Indianapolis Power & Light Co. v. Barnard,* 175 Ind.App. 308, 371 N.E.2d 408, 412 (1978); *State v. Kopp,* 330 S.W.2d 882, 888 (Mo.1960); *Witzel v. Village of Brainard,* 208 Neb. 231, 302 N.W.2d 723, 725 (1981); *Seward County Bd. of Comm'rs v. City of Seward,* 196 Neb. 266, 242 N.W.2d 849, 852 (1976). We think the principles applied by these courts is of particular validity where, as here, the same sovereign entity has effected the zoning ordinances and the challenged taking.

The challenged taking of plaintiffs' land is not contrary to the intent of the legislature in enacting Iowa Code chapter 352. That intention was declared to be as follows:

It is the intent of the general assembly to provide local citizens and local governments *the means by which agricultural land may be protected from nonagricultural development pressures.* This may be accomplished by the creation of county land preservation and use plans and policies, adoption of an agricultural land preservation ordinance, or establishment of agricultural areas in which substantial agricultural activities are encouraged, so that land inside these areas or subject to those ordinances is conserved for the production of food, fiber, and livestock, thus assuring the preservation of agriculture as a major factor in the economy of this state.

Iowa Code § 352.1 (emphasis added). We do not accept the plaintiffs' contention that the nonagricultural development pressures against which this legislation was designed to protect included the taking of agricultural land for the improvement of local roads. The district court correctly rejected plaintiffs' contention that the use limitations of section 352.6 or any other provisions of chapter 352 impeded the taking of plaintiffs' land by eminent domain.

### III. *Other Issues.*

*A. Compliance with Iowa Code section 6B.3(1)(f).* We must also consider plaintiffs' contention that the necessity for the present taking must be determined under an elevated standard because the property condemned was class I and class II land as determined by the United States Department of Agriculture land capability classification system. They base this contention on the provisions of Iowa Code section 6B.3(1)(f). That statute provides:

The application [for eminent-domain authority] shall set forth: . . . .

*If the damages are to be paid by the state* and the land to be condemned is within an agricultural area as provided in chapter 352, a statement disclosing whether any of that land is classified as class I or class II land under the United States department of agriculture natural resources conservation service land capability classification system . . . and, if so classified, stating that the class I or class II is reasonably necessary for the work of internal improvement for which condemnation is sought.

Iowa Code § 6B.3(1)(f) (emphasis added).

We are convinced that the portion of the statutory language which we have itali-

cized limits its application to eminent domain proceedings in which the damages are to be paid by the state. Plaintiffs recite in their own petition (paragraph 11(a)) that "[t]his is an action of condemnation by the County not the State." Moreover, affidavits filed by the county in support of the motion for summary judgment and not refuted by plaintiffs, aver that damages for the challenged takings were payable entirely from county funds. The district court correctly rejected plaintiffs' arguments premised on Iowa Code section 6B.3(1)(f).

■ *B. Necessity for the taking.* Plaintiffs urge that, even if Iowa Code section 6B.3(1)(f) is not applicable to the present takings, it is necessary to show a reasonable necessity for any taking by eminent domain. With respect to the right of counties to take private property for public use, our statutes limit such takings to "public purposes which are reasonable and necessary as an incident to the powers and duties conferred upon counties." Iowa Code § 6A.4(1). But our decisions foreclose courts from overturning the determination of necessity that has been made by the public body empowered by law to exercise that authority. We have stated the practical necessity of this rule as follows:

> Plaintiffs concede that the highway commission is the state agency possessing control of and dominion over the primary highway system. This includes the determination of the location and design of the highways. We are asked to subject the commission's judgment to review by the courts upon a pleading that an adequate road can be provided at a much cheaper cost in some other

manner. Such a holding would have far-reaching effects. There have probably been very few miles of road constructed in the state about which there has not been a difference of opinion as to its advisability and practicality. To permit a person to base an action upon such reasons and enjoin further proceedings until a factual determination is made, could stall the whole road building program and require the commission to spend much time and money justifying its decisions in court. Such decisions must necessarily be made by commission and the courts would be unduly interfering in an administrative matter if it undertook to impose its judgment on the commission for the reasons pleaded.

*Harvey v. Iowa State Highway Comm'n,* 256 Iowa 1229, 1232, 130 N.W.2d 725, 727 (1964). The same principle has been applied with respect to the decisions of municipal corporations exercising their statutory powers of eminent domain. *Ermels v. City of Webster City,* 246 Iowa 1305, 1307, 71 N.W.2d 911, 912 (1955); *Mook v. City of Sioux City,* 244 Iowa 1124, 1137–38, 60 N.W.2d 92, 99 (1953). The county was authorized by law to determine the need for a road relocation so as to align with a newly constructed bridge.[2] The district court correctly concluded that the determination of necessity made by the county was a proper legislative act within its authority and in accordance with the required statutory procedures. Consequently, on the undisputed facts, plaintiffs were not entitled to enjoin the taking of their land, and summary judgment was properly granted against them.

**2.** Iowa Code section 306.4(2) provides that "[j]urisdiction and control over the secondary roads shall be vested in the county board of supervisors of the respective counties." Iowa Code section 306.19 provides "[i]n the maintenance, relocation, establishment, or improvement of any road, including the extension of such road within cities, the agency having jurisdiction and control of such road shall have authority to purchase or to institute and maintain proceedings for the condemnation of the necessary right-of-way therefor."

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**