B. F. MILL, Appellant, v. CITY OF DENISON et al., Appellees.

No. 46940.

DECEMBER 17, 1946.

L. W. Powers, of Denison, for appellant.

Andrew Bell, E. A. Raun, E. A. Norelius, and L. V. Gilchrist, all of Denison, for appellees.

OLIVER, J.—September 18, 1944, the council of the City of Denison, Iowa, duly adopted a resolution reciting that to meet the public need it is deemed advisable for said city to acquire real estate and personal property for airport purposes and to submit to the voters the proposition of authorizing a special tax and bond issue for the purpose of acquiring and equipping a municipal airport, all as provided by chapter 303.1, Code of 1939, as amended (now chapter 330, Code of 1946), and ordering a special election therefor. The election was held, the proposition carried, and the council employed an engineering company to draw master plans and survey for a municipal airport. Said plans and specifications, which included a plat and the legal description of the real estate required, were approved by the Iowa State Commerce Commission February 15, 1945. (Chap-

ter 330, Code of 1946, transfers such powers and duties to Iowa State Aeronautics Commission.)

The first-stage development of the master plans called for the acquisition of approximately 185 acres of land therein described, including the 96.33 acres here involved, owned by Laura M. Peters. About May 25, 1945, the city filed with the sheriff of Crawford county application for condemnation of said 96.33 acres in the manner and form provided by chapter 472, Code of 1946 (chapter 366, Code of 1939). June 19, 1945, the condemnation commission assessed Laura Peters' damage at $13,861.30. June 25th, the city council by yea-and-nay votes adopted a motion accepting said appraisal, instructing the clerk to draw a warrant for said amount payable to Laura Peters and deposit the same with the sheriff (which was done), and that the city take possession of said land at once, and another motion directing the making of a crop lease with Frank Lingle upon the same terms as Lingle's lease with Laura Peters. July 18th, Laura Peters appealed to the district court from the assessment of damages made by the commissioners.

About August 17, 1945, plaintiff, as a citizen and taxpayer of the city, instituted this action in equity, alleging the condemnation was invalid because of certain procedural errors and omissions of the city council and also in the condemnation proceedings, praying that the city be decreed without power to acquire said land as an airport, that the condemnation proceedings be declared void and the city be enjoined from proceeding further with said effort to acquire said real estate, and that Laura Peters be enjoined from accepting the payment deposited with the sheriff by the city and the same be returned to such city.

Laura Peters answered, admitting the allegations of plaintiff's petition and praying that the relief therein sought be granted. Shortly thereafter Laura Peters filed a petition in her condemnation appeal, one division of which contained substantially the same allegations, and sought the same relief as that demanded by plaintiff in this action. January 16, 1946, Laura Peters dismissed her condemnation appeal.

Thereafter this cause was tried to the court and judgment was entered dismissing plaintiff's petition. From said judgment plaintiff has appealed. Laura Peters has not appealed.

I. Frank Lingle was occupying the condemned land under a five-year lease from Laura Peters. In the condemnation proceedings a "Notice of Assessment" in the form prescribed by sections 472.8 and 472.9, Code of 1946 (sections 7829 and 7830, Code of 1939) was addressed to and served upon Laura Peters and Lingle. Lingle appeared, by attorney, before the condemnation commissioners when they were viewing the premises and appraising the damages. The commissioners considered Lingle's claim but allowed him no damages. He did not appeal therefrom. He was not a party in the case at bar.

Appellant contends the condemnation proceedings were defective because Lingle was not listed as a "record owner" of the land in the application for condemnation filed with the sheriff, as directed by section 472.3, Code of 1946 (section 7824, Code of 1939). Des Moines Wet Wash Laundry v. City of Des Moines, 197 Iowa 1082, 1085, 198 N. W. 486, 488, 34 A. L. R. 1517, states:

"A tenant for years is the owner of an estate, and is entitled to compensation for an injury done in taking his property for public uses."

In this case, however, Lingle's lease was not recorded in the real-estate records. Therefore he was not a "record owner" and the failure to list him in the application was not a deviation from the statutory requirement.

Moreover, the listing in the application for condemnation of the names of all the record owners of the property affected is not a jurisdictional requirement. Ellsworth & Jones v. Chicago & I. W. R. Co., 91 Iowa 386, 388, 59 N. W. 78, holds that one who, in response to an insufficient notice by publication, not addressed to him by name, appears at the assessment or appeals therefrom, will be regarded as a party to the assessment proceedings. In Eggleston v. Town of Aurora, 233 Iowa 559, 10 N. W. 2d 104, it was held the district court upon appeal had jurisdiction to bring in and fix the compensation due the owner of an equitable interest in the real estate, who had not been made a party to the original condemnation proceedings, and that the rights of such owner were not jeopardized, inasmuch as the opportunity of a hearing and determination thereof was preserved for her in the appeal proceedings. Hence the mere

failure to list, in the application for condemnation, a record owner who thereafter becomes a party to condemnation proceedings would afford no basis for a subsequent action to set aside such proceedings.

■ II. Appellant contends the condemnation is invalid because only 96 acres were thereby acquired, whereas the plans approved by the commerce or aeronautics commission require 185 acres. This contention is without merit. The law does not require that all the property be acquired under one contract or by one condemnation. Here the council, by several resolutions, committed itself to the master plans approved by the aeronautics commission, which list and describe the required lands. Furthermore, prior to the trial of this case, the council adopted · a resolution to institute condemnation proceedings for 80 acres of such lands in addition to the 96 acres here involved. The record indicates the council was proceeding in accordance with said plans.

■ III. Appellant asserts the council did not formally authorize the institution of the condemnation proceedings. Chapter 330, Code of 1946, requires the approval of the electors where the levy of a special airport tax is necessary, and in every case the approval of Iowa State Aeronautics (Commerce) Commission, to the plans and specifications which must show, among other things: "The legal description and plat of the site." Section 330.9, Code of 1946 (section 5903.07, Code of 1939). The record of the proceedings of the council shows the resolution of September 18, 1944, hereinbefore summarized. Said record shows also a resolution of the council duly adopted February 5, 1945, by yea-and-nay vote, reciting that the airport is to be constructed upon certain described lands (including the lands here involved), that the preliminary surveys have been approved by the council, and that the approval of the commerce commission is necessary, and authorizing the mayor to sign for the city the application for such approval.

March 5, 1945, after the commerce commission had approved the plans, which approval contained the legal description of the land required for the airport, the city council adopted a resolution accepting and approving the completed plans and authorizing the mayor to sign said acceptance and approval.

Appellant makes reference to section 366.4, Code of 1946 (section 5717, Code of 1939), which provides that a resolution or ordinance ''To direct the making of any improvement which will require proceedings to condemn private property'' be adopted by the concurrence of a majority of the whole council, by call of the yeas and nays, which shall be recorded. It is sufficient to say the afore-mentioned resolutions of the council provide ample compliance with the provisions of this statute.

May 7, 1945, in response to a suggestion that the land for the airport be obtained as soon as possible, the council adopted a motion to offer Laura M. Peters $135 per acre for that portion of land needed for the airport and $150 to Samuel Bair for his 80 acres needed for the airport and that the clerk be instructed ''to write them making such an offer, stating that said offer must be accepted or rejected by May 15th, 1945, and if rejected condemnation proceedings would begin at once.''

We have already noted the acceptance of the condemnation award by the city and the deposit with the sheriff of the amount thereof.

Appellant argues condemnation by a city must be ordered by ordinance or resolution of the council and that the motion adopted May 7, 1945, was not a resolution. It is true it was not a formal written resolution. But the record book shows the adoption of the motion, above paraphrased, by a majority of the whole number of the council by call of the yeas and nays, which were recorded. The motion was in legal effect a resolution. Sawyer v. Lorenzen & Weise, 149 Iowa 87, 127 N. W. 1091, Ann. Cas. 1912C, 940; Andrew v. Iowa State Bk., 216 Iowa 1170, 1176, 250 N. W. 492.

Appellant contends also that the motion of May 7th was insufficient in that it merely directed the clerk to write a letter, did not direct the acquisition of an airport or commit the city to the making of such improvement, and did not describe the land and the purpose for which it was to be acquired. However, the city was already definitely committed to the acquisition of this property for an airport by the prior resolutions above mentioned in which the land to be acquired was described. The only point remaining to be determined was when the condemnation

proceedings should be instituted if the city was unable to agree with the owners of the Laura Peters land as to the compensation to be paid therefor. Assuming, without deciding or intimating, it was necessary that the council formally fix this time, we think the motion of May 7th was sufficient for that purpose.

IV. The six members of the commission to assess damages (sheriff's jury) were freeholders of the county as provided by section 472.4, Code of 1946 (section 7825, Code of 1939), but five of them were not freeholders of the city as provided by section 403.9, Code of 1946 (section 6203, Code of 1939). Appellant contends this invalidated the proceedings.

Phillips v. Watson, 63 Iowa 28, 30, 18 N. W. 659, 660, holds objections of this class do not afford any ground for relief in a separate suit:

"The statute under which the proceedings were had gave him the right of appeal * * * where he could have had the damages which he would sustain by reason of the appropriation determined as in an ordinary action, and in this right of appeal he had an adequate remedy against any irregularities that may have occurred in the proceedings * * * and, as he had personal notice of the proceedings, we think this remedy is exclusive as to all such matters."

Cedar Rapids, I. F. & N. W. R. Co. v. Whelan, 64 Iowa, 694, 695, 21 N. W. 141, 142, states that if the sheriff or jury acted illegally in any respect the remedy by appeal is sufficient "to enable any party to obtain substantial justice; that is, obtain a proper assessment of damages by a constitutional jury on a trial in the circuit court." See, also, Eggleston v. Town of Aurora, supra, 233 Iowa 559, 10 N. W. 2d 104. So, in the case at bar, the irregularity does not furnish the basis for a subsequent action.

V. Appellant asserts a taxpayer of a city may restrain illegal and unlawful acts and proceedings of the city, especially where they involve the expenditure of public funds. Although this general statement may be correct under appropriate circumstances, it is here a sufficient answer that no illegal or wrongful acts or proceedings have been shown. The taking of the property was duly and legally authorized by acts of the city

council. There was jurisdiction of parties and subject matter in the condemnation proceedings. There was no charge of fraud or collusion. There is no showing that the council's acceptance and payment of the condemnation award was wrongful or illegal. Incidentally, such action does not appear to have been even inadvisable. Nothing has been shown which would warrant the judicial invalidation of the proceedings.

We hold the trial court did not err in dismissing appellant's petition.—Affirmed.

All JUSTICES concur.