Carl C. **HALWEG** et al., Appellants,

v.

**CITY OF SIOUX CITY, Iowa, and Wood-
bury County, one of the Counties of the
State of Iowa, Appellees.**

No. 54558.

Supreme Court of Iowa.

Sept. 9, 1971.

P. D. Furlong, Sioux City, for appellants.

Stewart A. Huff, Sioux City, for appellee City of Sioux City, Iowa.

William E. Adams, Sioux City, for appellee Woodbury County, Iowa.

REYNOLDSON, Justice.

Defendant Sioux City, Iowa, condemned plaintiffs' auto salvage property for improvement of U. S. Highway 75 within the city limits. Plaintiffs brought this action for permanent injunctive relief to restrain defendant from proceeding further in condemnation and possession of their real estate. They allege the condemnation was illegal, void and without jurisdiction because the city failed to comply with applicable procedural requirements of chapter 472, Code, 1971. Upon trial plaintiffs' petition was dismissed and they appeal. We affirm.

Defendant Woodbury County, Iowa, is in the case only by reason of certain tax liens and will not be referred to again.

When improved, this segment of Highway 75 was to be a four-lane, limited ac-

cess highway. The Iowa State Highway Commission and defendant city entered into an agreement relating to the project. It provided the commission was to negotiate for certain right-of-way involved. The city would condemn if necessary "using city procedures". In this event fee simple title was to be appropriated in the name of the city. The instrument stipulated, "The City shall initially pay all costs of acquisition, management, demolition and the like, subject to reimbursement, by the Iowa State Highway Commission." Other parts of the agreement required a sharing of the costs of storm sewers and signal lights. Uncontroverted testimony disclosed the over-all cost of the project was to be paid 50 percent by the federal government, 46.1 percent by the commission and 3.9 percent by the city.

Upon application of the Sioux City attorney, the sheriff appointed six resident freeholders *of Woodbury County* under the provisions of § 472.4, Code, 1966. The notice of assessment served on plaintiffs specified the city as the applicant condemnor. On date of condemnation, September 4, 1969, plaintiffs appeared in person with their counsel, who stated plaintiffs refused to take any part in the proceedings. No protest or objection was made to the procedure employed or to the composition of the condemnation commission which proceeded to assess the damages.

On September 9, 1969, warrants of Sioux City, Iowa, in the amount of the award fixed by the commissioners, were deposited in the office of the sheriff of Woodbury County, Iowa. On oral argument plaintiffs disclosed defendant now has possession of the condemned property.

Plaintiffs served the usual notice of appeal to district court from the assessment of damages. They also filed their petition for injunction September 26, 1969, on the theory that the only matter which could be raised in the appeal was the amount of damages. See, however, our holding in

Bourjaily v. Johnson County, 167 N.W.2d 630 (Iowa 1969).

While below the pleadings were somewhat ambiguous and the evidence went far afield, the fighting issue, as succinctly stated by the court during trial with agreement of counsel, was whether the proceedings were illegal because the condemnation commission was constituted pursuant to § 472.4, Code, 1966, rather than § 472.6, Code, 1966.

By its terms, the section last referred to is activated, "When the damages are payable out of the state treasury * * *". In that event the chief justice of the supreme court is to appoint six resident freeholders *of the state* to assess the damages. *No two members of such commission shall be residents of the same county* if this procedure applies.

Because of prior publicized litigation with the city, involving their salvage operation, plaintiffs assert they were prejudiced in that all six condemnation commissioners were from their county. Additionally, they contend the highway commission was the actual condemning authority because the damages were payable from the state treasury. Plaintiffs' brief frankly argues their damage award would have been larger had the Iowa State Highway Commission been named condemnor.

■ This injunctive action as an independent remedy is in equity, rule 320, Rules of Civil Procedure. Before a court of equity may enjoin such proceedings something more than mere error must be shown. There must appear some equitable ground such as fraud, illegality or want of power. Porter v. Board of Sup'rs of Monona County, 238 Iowa 1399, 28 N.W.2d 841 (1947). The burden is on the condemnee to prove condemnor failed to comply with statutory requirements. 1 Nichols, The Law of Eminent Domain § 3.22 (Supp.1971).

■ I. We hold there was no procedural error in the condemnation. The com-

mission was properly constituted pursuant to § 472.4, Code, 1966. Parenthetically, these controverted sections will not again serve as a battleground. Both were repealed by 63 G.A., ch. 1225 (1970). The substitute enacted, now § 472.4, Code, 1971, provides one procedure for all condemnations.

Improvement of the highway in this case was, under the clear intendment of Code chapter 28E, a joint undertaking of two public agencies as therein defined. Further authorization for the common project is found in § 306A.3, Code, 1971, which relevantly provides:

"Cities, towns, and highway authorities * * * acting alone or in co-operation with each other * * * are hereby authorized to plan, designate, establish, regulate, vacate, alter, improve, maintain and provide controlled-access facilities * * *".

A similar provision is found in § 306A.7, Code, 1971. Code § 313.21 and § 313.22 are additional authority for such co-operative improvements. Several of these statutory provisions were quoted with approval in our opinion involving a comparable highway commission-city road construction. Gardner v. Charles City, 259 Iowa 506, 144 N.W.2d 915 (1966).

Section 28E.6 requires co-operating agencies not establishing a separate legal entity to include in the agreement "the manner of acquiring, holding and disposing of real and personal property used in the joint or co-operative undertaking". The implementing agreement in the case before us specified that the city should condemn and take title in the name of the city. Initial disbursement of funds was to come from the city treasury. As the damages were payable from funds disbursed by the city, the city attorney conducted the proceedings. Section 472.2, Code, 1971. The condemned property was in fact acquired in the name of the city.

Are the provisions of § 472.6 invoked because the city was to be reimbursed for the large percent of the award by the state and federal governments? Carrying condemnees' argument to its logical conclusion, federal condemnation procedures should have been employed because 50 percent of the ultimate cost was paid with federal funds. Federal reimbursement to the extent of 90 percent was rejected as immaterial by the Delaware supreme court in holding state and not federal procedures were proper. State ex rel. State Highway Dept. v. George F. Lang Company, 191 A.2d 322 (Del.1963). In the case before us the state was ultimately to furnish less than one half of the condemnation award. The condemnation was of property within the city limits. Sioux City not only furnished a portion of the award but initially paid it in full. The procedures under § 472.4 and not § 472.6 were legally applicable.

II. Other issues raised by the condemnee have been fully considered and we find no grounds for reversal. Plaintiffs have the opportunity to litigate the amount of their damages in the condemnation appeal pending in the district court.

The holding of the trial court is therefore affirmed.

Affirmed.

All Justices concur, except RAWLINGS, J., who takes no part.