Donald C. MANN and Phyllis
Mann, Appellants,

v.

CITY OF MARSHALLTOWN,
Iowa, Appellee.

No. 60300.

Supreme Court of Iowa.

April 19, 1978.

Allen E. Brennecke, of Mote, Wilson & Welp, Marshalltown, for appellants.

Paul Lovig, of Kemler, Lovig & Bartine, and Patrick W. Brooks, of Mowry, Irvine & Brooks, Marshalltown, for appellee.

Considered by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MASON, Justice.

This is an appeal by plaintiffs, Donald C. Mann and his wife Phyllis, from the trial court's order sustaining the City of Marshalltown's pretrial motion to dismiss plaintiffs' petition seeking to enjoin the City's proposed condemnation of their land for the expansion of a municipal airport. Plaintiffs' farmland is located west of defendant's airport. The North Center Street Road separates the airport from the land. Defendant City had tentative plans to extend the airport runway across the North Center Street Road onto plaintiffs' farmland.

November 1, 1976, plaintiffs filed a petition in the Marshall District Court seeking a permanent injunction against defendant's proposed condemnation of their land and temporary injunction until a hearing was had on their request for permanent injunction.

In their petition plaintiffs alleged it was not necessary for defendant to condemn their farm for the expansion of the airport at the time of suit because (1) defendant needed federal money for the expansion and no such funds had yet been approved; (2) the county road between plaintiffs' farm and the airport had to be closed before the expansion could take place and the closing of the road was then the subject of litigation; (3) defendant must obtain the approval of the National Environmental Protection Agency and such approval had not been given; (4) use of their land for airport purposes would violate the Marshall County Zoning Ordinance which forbids airport use of land zoned for agricultural purposes; (5) defendant had no legal or constitutional right to take their land by condemnation unless it be shown to be necessary for governmental purposes and that until it was shown to be necessary such taking would deprive them of their property without due process of law in violation of the constitutions of the United States and Iowa; (6) defendant by its proposed condemnation would cause plaintiffs to suffer irreparable injury without an adequate remedy at law.

November 19, defendant filed a motion to dismiss plaintiffs' petition on the ground " * * * that before a court of equity may enjoin condemnation proceedings, there must appear some equitable grounds such as fraud, illegality, or want of power, and the burden to show same is upon the condemnee. That the Petition in Equity filed herein does not plead facts to show any of these equitable grounds, and therefore, said Petition must be dismissed, as said Petition asks for relief beyond the power of this Court in equity. See *Halweg v. City of Sioux City,* 189 N.W.2d 623 (Iowa 1971)."

In sustaining defendant's motion to dismiss, the trial court considered each of plaintiffs' allegations as true and concluded plaintiffs' real contention was that until contingencies regarding zoning, road closing, environmental impact and federal

funding were resolved defendant should not be allowed to institute condemnation proceedings because until then such proceedings would be illegal.

Before disposing of plaintiffs' contention, the court determined defendant " * * * contends that it is undisputed that airport expansion is a permissible exercise of eminent domain, and that it is unreasonable to, in effect, specify the order of the steps that the City must follow to acquire this property. It may be that the Federal Government would not approve the funds until the land has been acquired or the costs ascertained. This might also have an effect on a rezoning application or on the application to close the public road."

The court then disposed of plaintiffs' contention stating:

"The Plaintiffs rely on *Chicago, R. I. & P. R. Co. v. Iowa State Highway Com'n,* 182 N.W.2d 160 (Iowa 1970). An injunction was granted in that instance. However, it was granted because the commission did not have the authority to exercise eminent domain in that particular area. The authority had been delegated to the Interstate Commerce Commission. It was an attempt to act in an area over which it had no authority. Its acts were illegal.

"More on point is *Mill v. City of Denison,* [237 Iowa 1335] 25 N.W.2d 323 (Iowa 1946). In that case, the City of Denison wished to expand the airport and needed approximately 200 acres of land for this purpose. An action was sought to enjoin the condemnation of 96 acres on the ground that the condemning of that property would not be sufficient to carry out the plan. Injunctive relief was denied. The Court held that the City was acting legally and that it did not lie with the property owners to say in which order the tracts should be condemned or in what order the City should proceed to implement its admittedly valid airport expansion plans. The City had authority to take the action that it was taking and was acting within the scope of that authority.

"*Alpin v. Clinton County,* [256 Iowa 1059] 129 N.W.2d 726 (Iowa 1964), states that [it] is essential that the statutes are complied with. A court will not inquire into the wisdom of the actions being taken. Also see *Porter v. Iowa State Highway Comm.,* [241 Iowa 1208] 44 N.W.2d 682 (Iowa 1950).

"There is no citation of any statute that the City of Marshalltown is violating. It is proceeding to resolve the prerequisites to the use of the property in accordance with the law. This Court is not going to inquire into the wisdom of acquiring this property, before all of those problems have been resolved. It is not acting illegally, fraudulently, or in excess of its authority.

"The Motion to Dismiss is SUSTAINED."

After dismissal of their petition on January 7, 1977, plaintiffs filed notice of appeal to this court on January 17. While this appeal has been pending, plaintiffs have filed four actions in the Marshall District Court and one action in the federal district court, southern district of Iowa, central division. The four state actions are in response to two condemnations of plaintiffs' land, instituted and carried forward by defendant.

The first condemnation proceeding was had March 4, 1977. March 22 plaintiffs filed a petition, number 33123, for writ of certiorari seeking to have the condemnation declared illegal on several grounds. In division III of this petition plaintiffs contended:

" * * *

"5. The purpose for the condemnation of Plaintiffs' farmland and the attempted taking thereof by the City of Marshalltown, Iowa, at this time is to permit the city to take part in other pending litigation relating to the closing of the North Center Street Road.

"6. The possible participation by the Defendant City of Marshalltown, Iowa, in certain other litigation relating to the closing of the North Center Street Road does not constitute 'public use' of Plaintiffs' farmland.

"7. The purported condemning and taking of Plaintiffs' farmland for any purpose which is not a 'public use' is illegal, void and of no force and effect."

Although plaintiffs sought to void the condemnation by this proceeding, the court refused to declare the condemnation void but did grant plaintiffs other relief for which they had prayed.

April 7, plaintiffs filed a petition, number 33147, by which they appealed from the amount of assessed damages awarded them by the condemnation compensation commission. In count IV of this petition they repeated the allegations of division III of the petition in suit number 33123. This action appears to be pending before the trial court.

April 14, defendant again instituted proceedings which resulted in condemnation of plaintiffs' land. April 19, plaintiffs filed a petition, number 33158, for writ of certiorari seeking to have the condemnation declared void on several grounds. In count III therein plaintiffs again raised their argument of suit 33123. The court did not void the condemnation but did grant plaintiffs other relief they requested.

May 2, plaintiffs filed a petition, number 33179, whereby they appealed from the condemnation award. In count IV therein they again raised their public use argument of suit 33123. This action is apparently still pending before the trial court.

February 22, 1977, plaintiffs filed their federal action against various officials of the United States government, City of Marshalltown and its mayor. In their petition for an injunction and declaratory judgment they sought judgment declaring the City had no legal right to condemn their land until the requirements of the National Environmental Protection Act of 1969 had been complied with and sought an injunction to restrain the defendants until such time as compliance was had.

In this petition they alleged the " * * * Defendants have been and continue to be responsible for the illegal, unauthorized and ultra vires act herein described. These acts are outside the scope of their statutory and legal power and Defendants will continue such acts unless enjoined by this Court." Many of the other allegations contained in this petition were the same as those in the petition in the case before us.

Defendant filed a motion to dismiss this petition. The court found the record made at a hearing on defendant's motion failed to show sufficient federal action at that time to justify the court in enjoining the condemnation proceedings and that it was without jurisdiction of the matter.

Plaintiffs' appeal of the instant action has been challenged by defendant's motion to dismiss the appeal. In its motion and in an amendment thereto defendant alleged plaintiffs had instituted five actions since the trial court dismissed their petition in the original action. Defendant contends the issues raised in this appeal are barred by res judicata since they were raised and tried on the merits in the federal court action. It insists the necessity issue may not be considered in this appeal because the issue is presently the subject of two actions brought by plaintiffs.

Plaintiffs have resisted this motion. In their resistance they contend the federal court dismissed their petition for lack of jurisdiction and, consequently, the court's decision did not reach the merits of the case. They argue all five of the actions were based on different causes of action. They insist the points raised in their four state actions were based on different facts and a different theory.

In defendant's reply to plaintiffs' resistance, it contended plaintiffs raised issues in their resistance which were not raised in the trial court. It argued plaintiffs did not make clear in their petition they were arguing the condemnation of their property was not necessary for a public use.

May 16, this court ordered the motion to dismiss this appeal to be submitted with the appeal.

The following questions are presented for review:

1. Did plaintiffs' initiation of any of the five actions they brought while their appeal was pending herein operate as a waiver of their right to appeal any of the issues raised here?

2. Did the trial court err in dismissing plaintiffs' petition because it found a cause of action did not lie to enjoin condemnation proceedings where the condemnee alleges his property is not necessary for a public use because there is no assurance the property will be used for the planned public purpose?

I. Defendant contends plaintiffs' appeal should be dismissed because the issues raised in it have been litigated on the merits in the federal action brought by plaintiffs and that the court's judgment is res judicata of the issues presented here. It asserts the appeal of the issue of whether plaintiffs' property was necessary for a public use should not be considered because there are pending actions in the Marshall District Court wherein the same issue is being litigated.

Defendant's contention as to the federal court action is without merit. The court there found it did not have jurisdiction because plaintiffs' petition did not state a cause of action arising under federal law and, therefore, did not state a claim upon which relief could be granted.

In support of its contention, defendant cites various federal cases dealing with the res judicata effect of federal court judgments on the merits of a cause of action on state court proceedings on the same cause of action. These cases and the rule they contain are not applicable to the case before us because here there was no judgment on the merits of plaintiffs' cause of action.

In their federal action, plaintiffs did not voluntarily dismiss their action. It was involuntarily dismissed when opposed by the defendants' motion to dismiss because the court found it lacked jurisdiction of the matter.

■ Under federal rules of procedure an involuntary dismissal is not a decision on the merits when the dismissal is based on lack of jurisdiction. This is made clear in rule 41(b), Fed.Rules Civ.Proc., wherein appears the following statement:

" * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, *other than a dismissal for lack of jurisdiction,* for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." (Emphasis supplied).

See also *Matsuo v. Dulles,* 133 F.Supp. 711, 716 (S.D.Cal.1955).

■ Because the federal court's decision was not on the merits, it did not provide grounds for a claim of res judicata. *Goolsby v. Derby,* 189 N.W.2d 909, 914 (Iowa 1971). The issues raised in this appeal are not barred by the federal decision.

Defendant contends the necessity issue raised in this appeal may not be considered because (1) it was not raised in the trial court, (2) such an issue should be raised by certiorari proceedings and (3) the issue is presently the subject of plaintiffs' state actions brought while this appeal was pending. Defendant argues plaintiffs waived error, if any, by the court in not considering the necessity issue by filing new suits which raised the same issue.

From our reading of plaintiffs' petition we find the issue of necessity was raised therein. Defendant's contention to the contrary is without merit.

■ Defendant's contention the issue should be raised in a certiorari petition is also without merit. At the time plaintiffs filed their action herein defendant had done nothing illegal, fraudulent, or in abuse of its power or discretion. It had not yet condemned plaintiffs' land. Plaintiffs were not seeking to have an act of the defendant declared illegal but rather sought to enjoin the defendant from doing what they considered an illegal act. A writ of certiorari may be issued when a claim is raised an act done is illegal or without jurisdiction, *Collier v. Denato,* 247 N.W.2d 236, 238 (Iowa 1976); it may not issue to prevent the doing of an illegal act.

In support of its contention the necessity issue is barred because it is currently the subject of litigation pending in the Marshall District Court, defendant relies on *Weaver v. Stacy,* 93 Iowa 683, 62 N.W. 22, as being directly in point.

In *Weaver v. Stacy,* Weaver filed a suit against several defendants, including Stacy. Stacy filed a motion asking the court to strike from the petition all causes of action against the other defendants on the ground plaintiff had misjoined causes of action and parties. When the court sustained Stacy's motion Weaver elected to file separate petitions against each other defendant. The court gave Weaver 30 days in which to file these actions. Stacy then demurred to the petition and his demurrer was sustained. Weaver appealed the sustention of Stacy's motion and demurrer.

Stacy filed a motion to dismiss the appeal from the order sustaining the motion to strike. In sustaining this motion, this court stated, 93 Iowa at 688, 62 N.W. at 23–24:

" * * * The law does not favor a multiplicity of actions. Two actions cannot be maintained at one time between the same parties for the same cause, if objection be made. * * * [citing authority]. When the plaintiff elected to file separate petitions against all the defendants but Stacy, she did that which was inconsistent with a further prosecution of this cause excepting as to him; for the relief she must ask in the separate petitions against a part of the defendants was included in that demanded in this action against all of them. The election to file separate petitions against some of the defendants was a waiver by the plaintiff of any error committed as to them in this action. * * * [citing authorities]. A party cannot accept the benefits of an adjudication which is not separable, and at the same time prosecute an appeal from it. * * * [citing authorities]."

In *Weaver* the plaintiff had the right once the motion to strike was sustained to continue on with the suit against Stacy and then appeal the sustention of the motion to strike. Instead she acquiesced in the sustention of the motion and elected to bring suit against each defendant. In the case before us there was no acquiescence in the judgment of the trial court.

As noted, while the present appeal was pending, defendant instituted condemnation proceedings to acquire plaintiffs' land.

Section 472.18, The Code, requires a condemnee to appeal from a condemnation award within 30 days or the assessment of damages returned by the commissioners becomes final under section 472.17. Here plaintiffs were forced to file their state actions or forever lose their right to challenge the assessment of damages. This act is not one demonstrating an acquiescence in the trial court's judgment dismissing their petition. Here the equivalent of the act in *Weaver* would have occurred if plaintiffs had recast their petition so as to allege facts upon which relief could be granted and had filed such a petition in the Marshall District Court. This they did not do. See *Emery & Co. v. Chicago, B. & Q. R. Co.,* 186 Iowa 1156, 1168, 170 N.W. 540, 544–545.

Here the action by plaintiffs does not show an inclination to abandon their claim against defendant. They have not waived their right to appeal for the reason urged. *State v. Olson,* 259 Iowa 756, 763–764, 145 N.W.2d 645, 649–650.

It is also clear the allegations made in the four state actions were not the same as those raised in the case now before us and were not based on the same facts. In the present case plaintiffs alleged taking of their land was not necessary for public use at the time they instituted their action seeking to enjoin defendant from condemning their land because the money had not been appropriated, the county road was not closed, the National Environmental Protection Agency had not given its approval and such condemnation would violate existing county zoning. In the four state actions plaintiffs maintained the city's condemnation of their land was not for a public use but to enable the city to participate in the litigation involving the closing of the county road.

■ In our opinion, the theory declared on for relief in the action from which this appeal arises is completely different from that asserted in the four state actions. Plaintiffs' institution of the four state actions does not constitute a waiver of their right to appeal in the present matter. Defendant's motion to dismiss this appeal is overruled.

II. Plaintiffs assert the trial court did not reach their major contention their land should not be condemned because it was not necessary for public use at the time they brought their equity action seeking to enjoin defendant from condemning their land. Plaintiffs argue their petition alleged grounds upon which equitable relief could be granted. They insist illegality was alleged when they asserted the county zoning ordinance would be violated if their land were used for airport expansion. They urge abuse of discretion was alleged in their necessity argument. They maintain violation of the constitution was alleged in their necessity argument.

Defendant contends their necessity argument cannot be raised in an independent suit to enjoin a proposed condemnation. It relies on *Ermels v. City of Webster City,* 246 Iowa 1305, 1309, 71 N.W.2d 911, 913, wherein this court stated:

"The rule is well established in this jurisdiction that the question of the necessity of the taking for a public purpose cannot be raised in an independent suit to enjoin condemnation. * * * [citing authorities]. *Mook v. Sioux City* [244 Iowa 1124, 60 N.W.2d 92], supra, is very like the instant case except that there involved was the enlarging of an airport, while here, it is the acquiring of additional off-street parking space. We there, in effect, said: The question whether a municipal airport should be enlarged by the taking of private property by eminent domain was a matter for the exclusive determination of the City Council in its legislative capacity, and in the absence of evidence of fraud, oppression, illegality or abuse of power or discretion by the Council the courts will not interfere. The same rule applies here."

In effect, defendant contends the *Ermels* and *Mook* cases stand for the proposition the question of necessity for a public use may *never* be contested in an independent suit to enjoin condemnation. This is not correct.

Both cases stand for the proposition an independent suit to enjoin condemnation proceedings may be had where there are allegations of fraud, oppression, illegality or abuse of power or discretion by the condemnor. In each case such allegations were made and evidence was presented. In *Mook* the court then dismissed the petition because the plaintiffs had failed to sustain the burden of overcoming the presumption of legality of the challenged resolution whereby the City proposed to enlarge its airport with the cost of such enlargement to be paid by the Air Force which was also to use the facilities on a nonexclusive basis. In *Ermels* the court dismissed the petition because no evidence of fraud, illegality or abuse of discretion was presented.

Defendant's contention plaintiffs' necessity argument cannot be raised in an independent suit to enjoin a proposed condemnation and its argument in support thereof are without merit. In support of this position see *Reter v. Davenport, R. I. & N. W. Ry. Co.,* 243 Iowa 1112, 1118, 54 N.W.2d 863, 870, 35 A.L.R.2d 1306; *Stellingwerf v. Lenihan,* 249 Iowa 179, 181, 85 N.W.2d 912, 914; *Vittetoe v. Iowa Southern Utilities Co.,* 255 Iowa 805, 809, 123 N.W.2d 878, 880–881; *Gardner v. City of Charles City,* 259 Iowa 506, 512, 144 N.W.2d 915, 919; and *Halweg v. City of Sioux City,* 189 N.W.2d 623, 624 (Iowa 1971).

We have carefully read plaintiffs' petition and find they alleged that a condemnee may enjoin a proposed condemnation where there is doubt or lack of assurance that the proposed public use will occur because certain approvals are necessary before such use will become a reality. They argue there are too many contingencies which must be resolved here to justify a finding the condemnation of their land is necessary at this time. They maintain until these contingencies are resolved any action by defendant to condemn their land would be illegal and an abuse of discretion.

The question then becomes whether such an argument is cognizable in equity proceedings. Is necessity an equitable ground for relief?

There can be no doubt there must be a necessity for the taking. Section 471.4, The Code, states:

"The right to take private property for public use is hereby conferred:

"* * *

"6. *Cities.* Upon all cities for public purposes which are reasonable and *necessary* as an incident to the powers and duties conferred upon cities." (Emphasis supplied).

In *Vittetoe v. Iowa Southern Utilities Co.,* 255 Iowa at 809–810, 123 N.W.2d at 880–881, this court stated:

"The disagreement between the parties here is not over the question whether distribution of electricity to the public is a public use. Their disagreement relates to whether the particular property sought to be condemned is necessary for the proposed use. 'To authorize the condemnation of any particular land by a grantee of the power of eminent domain, a necessity must exist for the taking thereof for the proposed uses and purposes; * * *.' * * * [citing authorities].

"An absolute necessity for taking the particular land need not exist. A reasonable necessity is sufficient. * * * [citing authorities]."

In *Gardner v. City of Charles City,* 259 Iowa at 512, 144 N.W.2d at 919, this court stated:

"The above quotation seems to be in accord with the general rule stated in 30 C.J.S. Eminent Domain (1965) § 401, page 491: 'As a general rule the exercise of the power of eminent domain by a governmental body may not be stayed or interfered with by injunction in the absence of fraud, abuse of discretion, or other gross impropriety, or *unless the owner is in some way illegally deprived of his rights in violation of the constitutional or statutory provisions governing the exercise of the power of eminent domain; * * *.'* " (Emphasis supplied).

▮ Here plaintiffs alleged the taking of their land was not necessary for public use at the time plaintiffs instituted this action seeking an injunction. Since it was unnecessary its taking deprived them of their property without due process of law in vio-

lation of the constitutions of the United States and Iowa. They alleged defendant had no legal or constitutional right to take property by condemnation unless the property is shown to be necessary for the governmental purposes of defendant. These two allegations coupled with plaintiffs' factual allegations are sufficient to allow a suit for injunction under the reasoning of *Gardner, Vittetoe* and section 471.4, The Code.

It is clear the trial court did not consider plaintiffs' necessity issue. It stated it would not consider the wisdom of defendant's action. We do not believe plaintiffs challenged the wisdom of defendant's action but rather its legal, statutory and constitutional basis.

The court's reliance upon *Mill v. City of Denison* in its judgment is misplaced. The court's interpretation of *Mill* was correct. Its application of the case to the facts with which it was faced was incorrect.

In *Mill* the plaintiff challenged the order in which the city was proceeding. The project had already received necessary approval, 237 Iowa at 1339, 25 N.W.2d at 325. Here plaintiffs do not challenge the order in which defendant is proceeding in implementing approved plans but rather challenge its right to proceed where its plans have not been approved. Here plaintiffs raised legal and constitutional issues whereas in *Mill* no such issues were raised.

The trial court erred in not considering plaintiffs' argument. It erred in sustaining defendant's motion to dismiss.

The next question is whether plaintiffs may recover if upon trial of this matter they prove their allegations that there has been no resolution of the contingencies upon which they have based this action. Plaintiffs contend they are entitled to an injunction as long as they prove the contingencies have not been resolved. We do not agree.

In *Falkner v. Northern States Power Co.,* 75 Wis.2d 116, 248 N.W.2d 885, the court was faced with a similar situation as we have before us. In *Falkner* the plaintiffs

brought suit pursuant to a Wisconsin statute, sec. 32.06(5), Stats., to contest the right of defendant to condemn their property for use as the site of a nuclear power plant. The trial court entered judgment for defendant and plaintiffs appealed. On appeal the court noted at 248 N.W.2d 891 the following contentions urged by plaintiffs:

"The owners argue that the following uncertainties and contingencies might prevent construction of the power plant and that it cannot now be said that the takings are for a valid public use:

"(a) Funds have not been obtained, nor is the specific source of the 1.5 billion dollars known;

"(b) Many of the permits required by the Atomic Energy Commission, Public Service Commission, Department of Natural Resources, and Department of Industry, Labor and Human Relations have not been applied for or issued;

"(c) Sufficient testing to apply for some permits has not been done;

"(d) Building plans have not been completed;

"(e) Environmental reports have not been completed;

"(f) Participation by other utilities has not been confirmed either as to construction cost or usage;

"(g) Public hearings are necessary;

"(h) The plans have been changed since the trial to cut the size by one-half;

"(i) The Board of Directors of NSP, Minnesota, have not made a final decision to go through with the plant construction."

The court then stated:

"The owners' position is not without support in Wisconsin law, at least in some respects. They rely principally upon *Wisconsin Water Co. v. Winans,* 85 Wis. 26, 54 N.W. 1003 (1893); *New Lisbon v. Harebo,* 224 Wis. 66, 271 N.W. 659 (1937); and *Schumm v. Milwaukee County,* 258 Wis. 256, 45 N.W.2d 673 (1951).

"* * *

"The owners draw from these cases the conclusion that a public use can only exist in this state when there are no contingencies that may prevent some or all of the land being sought from being put to public use. * * * The owners do argue that 'we must look at the question is it "conceivable," "possible" ' that their lands might not be used.

"We are of the opinion that the test advocated by the owners is too extreme to be sustained. There will always be some possibility that a planned improvement will not be completed and put to the use intended. The test cannot be whether it is possible, whether it is conceivable that the project would fail. The test must be whether there is a reasonable assurance that the intended use will come to pass. If there is reasonable probability that the public utility will comply with all applicable standards, will meet all requirements for the issuance of necessary permits, and will not otherwise fail or be unable to prosecute its undertaking to completion, there is a right of condemnation.

"* * *

"It is only if Northern States Power Company cannot reasonably expect to achieve its public purpose that its right to take land by condemnation should be denied. * * * [citing authorities]." *Falkner,* 248 N.W.2d at 891–893.

■ In our opinion the court in *Falkner* announced the proper test for determining whether a public use necessary for condemnation exists in a given factual situation. It is the test which should be followed in Iowa.

Upon trial it shall be plaintiffs' burden to prove by a preponderance of the evidence that defendant cannot reasonably expect to achieve its public purpose. If the trial court determines plaintiffs have sustained this burden, the court shall issue an injunction restraining defendant from condemning their property.

This injunction shall also restrain defendant from continuing the condemnation proceedings it instituted March 4, and April 14,

1977, and shall continue until such time, if ever, defendant is able to establish by a preponderance of the evidence it has reached the point at which it can reasonably expect to achieve its public purpose.

With directions to the trial court to set aside its order dismissing plaintiffs' petition and for the parties to proceed in this matter in accordance with the Rules of Civil Procedure, the case is

Reversed and remanded.