Billie D. HARDY and Wanda M. Hardy, husband and wife, and Lela Wood, Appellants,

v.

GRANT TOWNSHIP TRUSTEES, ADAMS COUNTY, Iowa, Appellee.

No. 83–1224.

Supreme Court of Iowa.

Nov. 14, 1984.

Richard L. Wilson and Ronald D. Bonnett of Wilson, Bonnett & Christensen, Lenox, for appellants.

Jeffrey B. Millhollin, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

Plaintiffs brought this certiorari action to challenge the authority of the defendant Grant Township Trustees (trustees) to acquire their property by condemnation for use as a township hall. The dispute centers on a one acre tract of land containing a small building (the tract), located at the southeast corner of a farm in Grant Township, Adams County. Plaintiffs Billie D. Hardy and Wanda M. Hardy are purchasing the farm on contract from plaintiff Lela Wood. Plaintiffs contend that the trustees acted illegally because the proposed use of the condemned tract is not one for which the township may exercise the power of eminent domain. They also contend the proposed use conflicts with the Adams County zoning ordinance. We conclude that the trial court properly annulled the writ because plaintiffs did not show that the trustees exceeded their authority in any respect. We therefore affirm.

The facts are essentially undisputed. The one acre tract was originally deeded to the trustees by the plaintiffs' predecessors in title to serve as the site of a rural schoolhouse. The conveyance stipulated that the land would revert to the owners of the adjoining farm if it were abandoned by

the trustees. Approximately six years before this action was commenced the trustees discontinued use of the building as a school and voting place, and the tract was abandoned. In March of 1982, however, the trustees decided that the schoolhouse was the only satisfactory centrally-located voting place for township residents. The trustees commenced proceedings to condemn the tract pursuant to Iowa Code chapter 472 "for permanent and continued use of said property as a township hall," and a compensation commission awarded plaintiffs damages of $1450.00 for the taking. On appeal to the district court that damage award was affirmed.

Dissatisfied, the plaintiffs petitioned the district court for a writ of certiorari, asserting that the trustees' condemnation application contravened statutory authority. Two separate trials ended with the writ being annulled. The first trial concerned only the power of the trustees to condemn private property, while the second trial also addressed the question whether the trustees' condemnation proceedings violated the Adams County zoning ordinance. In denying certiorari relief the trial court found that plaintiffs had failed to prove either (1) that the trustees exceeded their statutory authority by commencing condemnation proceedings or (2) that the trustees' proposed use of the tract for a township hall would necessarily violate the county zoning ordinance.

Because the trustees have not challenged the plaintiffs' right to test the legality of the condemnation proceedings by a petition for certiorari brought after an unsuccessful condemnation appeal, we do not address that troublesome issue. *Cf. State v. Johann*, 207 N.W.2d 21, 24 (Iowa 1973) ("[t]he condemnee walks a narrow and dangerous line when he elects to challenge jurisdiction or power of condemnation in an appeal to district court."); *Thornberry v. State Board of Regents*, 186 N.W.2d 154, 157 (Iowa 1971) (cataloging authorities discussing and deciding how condemnee may challenge authority of condemnor).

Our review of the judgment entered by a district court in a certiorari proceeding is governed by the rules applicable to appeals in ordinary actions. Iowa R.Civ.P. 318. Review is not de novo. *State v. Dvorak*, 261 N.W.2d 486, 487 (Iowa 1978). Rather, the question posed is whether the decision is supported by any competent and substantial evidence, and the burden of showing illegality rests upon the party making that assertion. *Carstensen v. Board of Trustees*, 253 N.W.2d 560, 561–62 (Iowa 1977).

## I. *Statutory Authority to Condemn.*

The Iowa Constitution provides that "[p]rivate property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof...." Iowa Const. Art 1, § 18. This power of eminent domain is an attribute of sovereignty which may be delegated only by express authorization of the legislature. *See Sisson v. Board of Supervisors*, 128 Iowa 442, 452, 104 N.W. 454, 458–59 (1905); 26 Am.Jur.2d *Eminent Domain* § 19 (1966); Nichols, *Eminent Domain* § 1.14[2] (1981).

Iowa Code section 359.28 provides the requisite authority for township trustees to exercise the power of eminent domain. It states:

> The township trustees are hereby empowered to condemn, or purchase and pay for out of the general fund, or the specific fund voted for such purpose, and enter upon and take, any lands within the territorial limits of such township for the use of cemeteries, a community center or juvenile playgrounds, in the same manner as is now provided for cities.

Further, Iowa Code section 471.5 states:

> Whenever the power to condemn private property for a public use is granted to any officer, board, commission, or other official, or to any county, township, or municipality, such grant shall, unless otherwise declared, be construed as

granting authority to the officer, board, or official body having jurisdiction over the matter, to acquire, at its fair market value, and from the parties having legal authority to convey, such right as would be acquired by condemnation.

Together, these provisions confer upon township trustees the power to acquire property by condemnation for certain specified public purposes.

Plaintiffs concede that section 359.25 empowers the trustees to condemn land, but they contend the trustees' purpose for taking this tract is not among those authorized by statute. Plaintiffs argue that the statutory authorization in section 359.28 to condemn land for a "community center" cannot fairly be construed to permit condemnation for a "township hall". Plaintiffs also contend that section 360.4 places a $500 ceiling on the value of any property the trustees are allowed to take by condemnation.

■■ We recognize that statutes delegating the power of eminent domain should be strictly construed and restricted to their expression and intention. *State v. Johann*, 207 N.W.2d at 24; *Bourjaily v. Johnson County*, 167 N.W.2d 630, 633 (Iowa 1969); *Iowa State Highway Commission v. Hipp*, 259 Iowa 1082, 1088, 147 N.W.2d 195, 198 (1966); *Aplin v. Clinton County Board of Supervisors*, 256 Iowa 1059, 1061, 129 N.W.2d 726, 727 (1964); 26 Am.Jur.2d *Eminent Domain* § 18 (1966). An appropriate strict construction of these statutes must still be a reasonable and sound construction. *See* Iowa Code §§ 4.4(3), (5) (in enacting a statute, it is presumed that a just and reasonable result is intended and that a public interest is favored over any private interest).

■ A. A reasonable reading of section 359.28 suggests that the terms "township hall" and "community center" are interchangeable. On this question the trial court appropriately wrote:

[C]ounsel have not provided a comprehensive definition of those terms, nor have I been able to formulate one. Various similar terms are found in the statutes. Iowa Code section 383.24(4)(b) refers to "community center houses." Iowa Code section 37.18(3) refers to "community house" and a "memorial hall" is referred to in section 37.18 Iowa Code chapter 360 is headed "Township Halls" but the sections in that chapter make no reference to it; the actual reference is to public hall." Iowa Code §§ 360.1, .2, .4, .5. None of those various terms is defined. It appears entirely reasonable to me that a center for the community—a community center—embraces a hall for the township—a township hall.

The trustees condemned the tract "for permanent and continued use of said property as a township hall." The trial court correctly decided that the statutory permission to condemn for a community center embraced that "township hall" use.

B. Plaintiff also challenges the legality of the condemnation proceedings on the ground that the value of the tract exceeded the $500 ceiling for purchase of "any public hall" as prescribed by Iowa Code section 360.4. That statute provides:

Any public hall built under the provisions of this chapter shall be located by the township trustees so as to accommodate the greatest number of the resident taxpayers, and for such purpose the trustees may purchase land not to exceed in value five hundred dollars.

■ We find no merit to plaintiff's argument because the trustees did not purchase the land but instead obtained it by condemnation. Chapter 360 sets forth the procedures for acquiring a township hall where a majority of the resident freeholders have petitioned for one. Nothing in that chapter purports to govern acquisitions by condemnation pursuant to chapter 359. The $500 ceiling of section 360.4 does not restrict payment which may be awarded pursuant to the condemnation authority of chapter 359 and the procedures set forth in chapter 472.

Applicable Iowa statutes provided the trustees adequate authority to acquire plaintiffs' one acre tract for use as a township hall.

II. *Effect of County Zoning Ordinance.*

Plaintiffs contend that the trustees acted illegally in condemning the tract because the proposed use would violate the Adams County zoning ordinance. They point out that a township hall is not a use permitted within the agricultural district in which the tract lies. They also contend that the one-acre size of the tract violates the ordinance requirement that all lots contain at least four acres. Plaintiffs ask us to decide this case by resolving what they perceive to be a serious conflict between the township's power to condemn and the county's power to zone. The trial court, however, did not find it necessary to decide such a large issue and neither do we.

▆▆▆▆ In its carefully articulated decision, the trial court first placed on plaintiffs the burden to prove that the trustees had exceeded their authority, then found that they had not. The trial court found legal support for this approach in *Mann v. City of Marshalltown*, 265 N.W.2d 307 (Iowa 1978). The facts in that case were similar to those here, and *Mann* contains a clear statement of the core issue on which that case was decided and this case should be decided. In *Mann*, as here, private landowners contended that a governmental body improperly undertook to condemn property for a public use when that use would conflict with a county zoning ordinance. There, the city's proposed use of the land for airport expansion did not conform with the uses permitted by a county zoning plan. *Id.* at 308. The landowners there, like plaintiffs here, contended that the condemnor had the burden to prove it could satisfy zoning requirements before it could lawfully take their property. In *Mann*, however, this court squarely placed on the plaintiff landowners the burden of proof on the issue:

Upon trial it should be plaintiffs' burden to prove by a preponderance of the evidence that defendant cannot reasonably expect to achieve its public purpose. *Id.* at 315. Moreover, this court in *Mann*, quoting with approval from *Falkner v. Northern States Power Co.*, 75 Wis.2d 116, 129, 248 N.W.2d 885, 893 (1977), adopted a stern test which landowners challenging a condemnor's authority must satisfy:

There will always be some possibility that a planned improvement will not be completed and put to the use intended. The test cannot be whether it is possible, whether it is conceivable that the project would fail. The test must be whether there is a reasonable assurance that the intended use will come to pass.

*Mann v. City of Marshalltown*, 265 N.W.2d at 315. *Accord Sellors v. Town of Concord*, 329 Mass. 259, 262–63, 107 N.E.2d 784, 785–86 (1952); *Seward County Board of Supervisors v. City of Seward*, 196 Neb. 266, 270–71, 242 N.W.2d 849, 852 (1976). Here, the trial court found that plaintiffs had not met their burden to satisfy this tough but appropriate test, and the record supports its finding. The trial court aptly pointed out that zoning ordinances are sometimes amended to accommodate a proposed nonconforming use and that variances from zoning regulations may sometimes be granted. *See Montgomery v. Bremer County Board of Supervisors*, 299 N.W.2d 687, 695–97 (Iowa 1980) (upholding amendment to county zoning ordinance to permit hog-slaughtering plant in area formerly an agricultural zone); *Buchholz v. Board of Adjustment*, 199 N.W.2d 73, 74–75 (Iowa 1972) (explaining difference between variances and special use permits). Plaintiffs had the burden of proof but offered no evidence that the trustees would be denied permission to use the tract for a township hall if they were to seek a variance or apply for an amendment to the ordinance. It is certainly noteworthy that the zoning ordinance already expressly permits in agricultural districts the following "principal uses":

Any building or structure occupied or used for nursery, elementary, junior high or high schools, public libraries, and *similar public cultural uses* located not less than 20 feet from any side lot line.

(Emphasis added.) The trial court could certainly infer from the evidence in this case that zoning authorities would probably not deny the trustees permission to use this former school house and public voting place as a township hall. Such permission might be granted either by interpretation of the quoted "public cultural use" clause, amendment to the ordinance, or by variance granted to the trustees.

Substantial evidence in this record and the principles set forth in *Mann* support the trial court's decision to annul the writ of certiorari which it had originally issued.

AFFIRMED.