Andrew McQuigg WEISS, Jennifer Jordan Weiss, and T. Edwin Weiss, Appellants,

v.

CITY OF DENISON, Iowa, Appellee.

No. 91–768.

Court of Appeals of Iowa.

Aug. 27, 1992.

James R. Van Dyke of Van Dyke & Werden, P.C., Carroll, and Robert L. Brink of Eller, Brink & Sextro, Denison, for appellants.

Ivan T. Webber of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

OXBERGER, Chief Judge.

The plaintiffs, a father and his children, are the owners of farmland partially located inside the northern limits of Denison,

Iowa. The land is bordered on the south and east by residential property and is bordered on the west by the Denison High School and recreation complex. The farmland is located to the north of plaintiffs' land. The father is the owner of an undivided one-half interest in the land and his children are the owners of the other one-half interest, subject to the father's life estate. A ten-acre tract adjoining the plaintiffs' property is owned by the father and his wife.

The Denison Community School District initially showed interest in the plaintiffs' property. The negotiations eventually included the city. The school district was a party to the final offer to the plaintiffs prior to condemnation. The property was also subject to an Iowa Code chapter 28E agreement between the city and the school district, providing for joint use of the property. The agreement contemplated that the city would use thirty percent of the plaintiffs' land and the school district would use approximately seventy percent of the plaintiffs' land.

The city ultimately commenced condemnation proceedings against the plaintiffs regarding a forty-acre parcel of the plaintiffs' land. The condemnation application apparently only described the forty-acre portion of the plaintiffs' land and did not described the plaintiffs' complete tract or the tract owned by the father and his wife. The city claims that the wife received notification of the action and that ultimately, severance damages were awarded in the condemnation action. The plaintiffs claim that the wife was never a part of the condemnation action. The city's stated reason for taking the land was for park and recreational purposes.

The plaintiffs commenced a separate action for temporary and permanent injunctive relief. The plaintiffs alleged in their petition that the city's collaboration with the school district to condemn their property was an illegal attempt to transfer government power by the city condemning land for use by the school district. The plaintiffs also claimed that the Iowa Code chapter 28E agreement was fraudulent, that the condemnation was illegal because the application and notice to the property owners did not describe all the land affected, and that there was no reasonable assurance that the intended use of the plaintiffs' land would happen, making injunctive relief appropriate. The district court denied the plaintiffs' request for temporary injunction, allowing the commissioners on the condemnation action to meet and assess damages. In denying temporary injunctive relief, the district court determined that the condemnation was for the city's purposes of obtaining park and recreational land, although it noted the school district's possible interest in the land in the future.

The plaintiffs and the city also filed motions for summary judgment on the permanent injunction issue. The district court denied both motions. A trial was conducted on the permanent injunction issue. The plaintiffs attempted to show that the city was illegally using its condemnation power to obtain land for the school district under the chapter 28E agreement. The city presented evidence indicating that the land was for park and recreational use by the city. During the trial, the plaintiffs elicited evidence that no administrative or joint board had been appointed for the chapter 28E agreement. The city objected to this line of questioning on the basis that there was no challenge to the validity of the chapter 28E agreement. At the close of the trial, the plaintiffs moved for leave to amend their petition to assert that the condemnation was illegal by virtue of an illegal chapter 28E agreement. Although the city resisted the amendment, the district court allowed it.

On April 16, 1991, the district court entered an order denying the plaintiffs permanent injunctive relief. The district court found that the condemnation was properly taken for the city's intended purposes of obtaining park and recreational land. The court concluded that the city was the only government entity condemning the property and that the plaintiffs did not meet their burden of proving that the city, "cannot reasonably expect to achieve its public purpose of establishing parks and recreational facilities on plaintiffs' property." The

court also determined that the chapter 28E agreement did not cause the condemnation to be illegal because the chapter 28E agreement was not the source of the city's public use and the city was the only entity condemning the land. The court concluded that irregularities in the agreement did not preclude the city from independently exercising its power of eminent domain.

On May 14, 1991, the plaintiffs filed a notice of appeal. The city subsequently filed a motion to dismiss the appeal, claiming the condemnation was complete and therefore rendered the appeal moot. The supreme court entered an order on October 1, 1991, denying the motion to dismiss and staying the condemnation proceedings until the final disposition of this appeal.

In this equity action, our review is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Steenhoek*, 305 N.W.2d 448, 452 (Iowa 1981). We give weight to the fact-findings of the trial court, especially when considering the credibility of witnesses, but are not bound by them. Iowa R.App.P. 14(f)(7).

We first address the issue of whether there exists a valid and present public purpose for condemnation of the land. The power to condemn is founded on a common necessity and interest, of appropriating the property of individual members of the community to the great necessities of the whole community. 26 Am. Jur.2d Eminent Domain § 1 (1966). Where land is taken in fee, the entire title is taken and vests in the public. *Henderson v. Iowa State Highway Commission*, 260 Iowa 891, 151 N.W.2d 473, 476 (1967).

The record indicates the city intends to use the land for roadway purposes, parking lots, softball fields, soccer fields, picnic areas, hiking trails, and nature study. These are all valid public interests. An absolute necessity for taking the particular land need not exist. *Vittetoe v. Southern Utilities Co.*, 255 Iowa 805, 123 N.W.2d 878, 881 (1963). A reasonable necessity is sufficient. *Id.* We find the record suffi-ciently establishes a present necessity to take the land for these uses.

We next address the issue of whether there is a reasonable likelihood the intended public uses will take place. In *Mann v. City of Marshalltown*, 265 N.W.2d 307 (Iowa 1978), the supreme court held the following language as controlling:

There will always be some possibility that a planned improvement will not be completed and put to the use intended. The test cannot be whether it is possible, whether it is conceivable that the project would fail. The test must be whether there is a reasonable assurance that the intended use will come to pass.

*Falkner v. Northern States Power Co.*, 75 Wis.2d 116, 248 N.W.2d 885, 893 (1977).

Only where achievement of the public purpose cannot be reasonably expected should the right to take land by condemnation be denied. *Id.* Upon trial it shall be plaintiff's burden to prove, by a preponderance of the evidence, an absence of this reasonable expectation. *Mann*, 265 N.W.2d at 315. We find the plaintiffs failed to meet this burden. There is ample evidence in the record showing the city will use the land for the intended public purposes.

With respect to the city taking the land and later giving a portion to the school district, the existence of the 28E agreement is of little significance. The purpose of such an agreement is to permit state and local governments to make efficient use of their powers by enabling them to cooperate joint services and facilities to the mutual advantage of separate agencies. Iowa Code § 28E.1. Nothing in the language of chapter 28E implies a restriction on the individual powers of an agency party to the agreement. Neither does chapter 28E require participation of all parties to an agreement in the actions of an individual party.

Here, the city is the only authority taking the land, as evidenced by payment from its own resources. The city condemned the land pursuant to eminent domain power granted by Article I, Section 18 of the Iowa

Constitution. Having properly done so, the city may, in the future, dispose of property as provided by Iowa Code section 364.7.

The Weiss's contend the city is taking the land to stockpile for future use by the school district. They say this is not a valid public purpose for which the power of condemnation may be invoked. The Weiss's assert the city does not have the power to condemn land for school sites. They say the city's stated purpose of "establishing parks and recreational facilities" is only a "pretextual allegation." They say the city's temporary use of the land for "nature areas" is an "insidious act." "All private property could be condemned for nature areas."

We are convinced the ultimate intended use of 28 acres is intended for school purposes. Only twelve acres are needed at the present time for the city's needs. We recognize the property's location adjoining the present high school grounds makes it an excellent site for future use. School Superintendent Fennessy testified it might be 2003 before the school district could use the property. The school district may have had problems meeting the test of reasonable assurance that the intended use will come to pass, required by *Mann.*

The issue is whether a city may condemn land for possible future use by a school district, while temporarily using it for "nature areas."

It is not clear in the record whether the property owners intended to develop the land so it might be more expensive for the school district to purchase in the future.

In *Mook v. City of Sioux City,* 244 Iowa 1124, 60 N.W.2d 92 (1953), the supreme court approved the condemning of land for joint use by the city and the United States Air Force. The court did not find it necessary that the United States Government use its condemnatory power to purchase its needed interest in the land.

In the case at bar we do not have a situation where there will be joint use of the land. The city will use part of the land and the school board will use part of the land, separately. However, the underlying public policy consideration that led the su-

preme court in *Mook* to say the condemning of land by the city for joint use with the United States Air Force seems appropriate to apply in this situation. The joint intended use is for valid public purposes.

The city has the power to condemn the land. Its present use is for a public purpose. We hold the city's future intention to sell to the school district is a purpose for which the school district has the power to condemn property.

■ We will not make a finding which restricts the individual right of eminent domain power merely because the city is party to a 28E agreement. Where the city has the power to exercise eminent domain power under the law and statutes, and in the absence of fraud, oppression, illegality, or abuse of power or discretion, the courts will not interfere. *Mook,* 244 Iowa at 1138, 60 N.W.2d at 99. In this appeal plaintiffs make no argument regarding fraud or oppression. We find no evidence of illegality or abuse. We affirm.

We do not address the issue of whether the 28E agreement is legal. This issue is not properly before us on appeal.

Plaintiffs challenge the notice and description of the land in the condemnation application. They allege Martha J. Weiss, a co-owner in the property not taken but affected, was not given notice of the condemnation. The only evidence Weisses provide to support their contention is the testimony of T. Edwin Weiss, Martha J. Weiss' husband. When asked whether his wife had received notice, he replied, "not to my knowledge." Martha Weiss did not testify and no other record was made regarding this issue.

A review of the available exhibits from the original condemnation proceedings, Crawford County Law No. 30076, disclosed a Notice of Assessment directed to Martha J. Weiss. She is listed as a party who may claim an interest in the application and is a named defendant on subsequent documents in the original action. We hold Martha J. Weiss had notice of the condemnation action.

Weisses also allege the application and notice to property owners did not describe all property affected and, as such, is illegal. Weisses claim the city failed to describe the remaining land affected but not taken. They claim the adjoining property was affected since the entire tract operated as a unit.

Weisses cite Iowa Code § 472.3(1), which requires the application to set forth "a description of all the property in the county, affected or sought to be condemned ...". For the purposes of this appeal, we hold the operative word to be "or" and hold the statute requires a description of either all property affected or all property sought to be condemned. The application filed by the City of Denison included a description of all property sought to be condemned. Accordingly, we hold the application filed by the City of Denison complies with the statutory requirements and affirm the district court.

AFFIRMED.